**IN THE COURT OF APPEALS OF IOWA**

No. 13-0768
Filed December 24, 2014

**PHILIP MEARS,**
    Plaintiff-Appellee,

**vs.**

**STATE PUBLIC DEFENDER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jones County, Sean W. McPartland, Judge.

The State Public Defender appeals from a district court decision that a court-appointed attorney should be compensated for work done on an unsuccessful postconviction relief application. **AFFIRMED.**

Kurt Swaim, First Assistant State Public Defender, Samuel P. Langholz, former State Public Defender, and Rebecca J. Hanson, Assistant State Public Defender, for appellant.

Philip B. Mears of Mears Law Office, Iowa City, appellee pro se.

Heard by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, J.**

The State Public Defender (SPD) appeals from a district court ruling ordering it to pay Philip Mears for the court-appointed work he did on an amended postconviction relief (PCR) application for David Jensen following Jensen's conviction for a sex offense. Jensen sought enforcement of a plea agreement and sentencing order that required him to register as a sex offender for only ten years, rather than for life as required by statute. The SPD contends the work was not compensable under Iowa Code section 822.2 (2013) arguing the amended application did not challenge a conviction or sentence and consequently did not state a PCR claim. Finding Mears properly pursued the applicant's pro se claim, we affirm.

## I.      BACKGROUND FACTS & PROCEEDINGS.

In 2006, Derek Jensen entered into a plea agreement under which he pled guilty to third-degree sexual abuse. In exchange, the State agreed that Jensen would serve ten years in prison and spend ten years on the sex-offender registry. The district court accepted this plea agreement and entered a corresponding sentencing order which advised Jensen that he had an obligation to register as a sex offender pursuant to Iowa Code section 692A.2 (2005) and that the obligation continued for a period of ten years from release on parole or work release. In 2009, the legislature amended Iowa Code chapter 692A. The amendment applied retroactively to persons convicted of sex offenses prior to July 1, 2009, if the person was required to be on the sex offender registry as of June 30, 2009. In October 2010, the Department of Public Safety informed

Jensen that his requirement to register as a sex offender under the current law and the law in effect at the time of his conviction would be for life. He was released from incarceration in November 2010 and registered as a sex offender.

Jensen filed a pro se application for PCR seeking "10 year registry if unable new trial." The district court appointed Philip Mears as counsel. The State filed a motion to dismiss, and Mears successfully defended the pro se application against that motion. The State then filed a motion for summary judgment. Mears responded with a motion to file an amended PCR application, seeking enforcement of the plea agreement or sentencing order provision that Jensen would be required to register for only ten years. The court granted the State's motion for summary judgment, finding it was without authority to order specific performance of the registration requirement, and dismissed the application.

Mears then submitted his claim of $1088.89 to the SPD for the legal services he provided. The SPD agreed to pay for the work performed through the hearing on the motion to dismiss, but determined Mears's work on drafting and prosecuting the amended application was not compensable and reduced his claim accordingly.[1] The SPD reasoned that the amended application failed to state a PCR claim. Mears filed a motion for review of the SPD's decision in the district court. The SPD did not file a response but was represented at an unrecorded hearing on the application. The court found Mears's work was fully compensable, despite being unsuccessful, and ordered the SPD to pay the

---

[1] Of the $1088.89 claim, the SPD paid $654, reducing the claim by about $434.

remainder of the claim. The SPD filed an Iowa Rule of Civil Procedure 1.904(2) motion which was overruled. The SPD appeals.

## II. JURISDICTION AND STANDARD OF REVIEW.

After oral arguments, this court sua sponte requested additional briefing on whether the rule 1.904(2) motion filed by SPD was a proper motion and tolled the deadline for filing the notice of appeal. *See* Iowa R. App. P. 6.101(1)(b) (notice of appeal must be filed within thirty days of the filing of the final order or judgment; if a rule 1.904(2) motion is filed, notice of appeal must be filed within thirty days after the filing of the ruling on such motion). If the "rule 1.904(2) motion amounts to nothing more than a rehash of legal issues previously raised," it will not toll the time; but if it can be read as challenging a finding of fact, it may toll the time for appealing. *Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 669-70 (Iowa 2013).

While the rule 1.904(2) motion challenged certain legal conclusions made by the district court, the SPD claims it was also moving the court to enlarge, amend, or modify the court's determination that "[t]he amended postconviction application did not change substantially the issues involved." When the matter challenged in a rule 1.904(2) motion could be considered as a challenge to an "expression of a finding of fact," we will not conclude the motion was improper. *Id.* The court in *Baur* provided an example that is instructive here, citing *Batliner v. Sallee,* 118 N.W.2d 552, 553 (1962): "[F]ollowing motion 'for directed verdict' in bench trial, trial court's determination that the plaintiff 'failed to carry his burden of proof' on contributory negligence gave it 'the appearance of having been a

decision on the facts'". *Baur,* 832 N.W.2d at 669. The conclusion of the district court that the amended postconviction application did not substantially change the issues involved in the PCR action, can be interpreted as a factual determination upon which it based its legal conclusion that the work was fully compensable. *See id.* Accordingly, the rule 1.904(2) motion should be considered an appropriate motion tolling the time for filing the appeal, rendering the notice of appeal timely.

We review a district court ruling reviewing the SPD's denial of an attorney fee claim for correction of errors at law. Iowa R. App. P. 6.907; *Simmons v. State Public Defender*, 791 N.W.2d 69, 73 (Iowa 2010).

## III.    ANALYSIS.

"[A]n indigent's right to counsel in a postconviction relief proceeding is statutorily based; no state or federal constitutional grounds for counsel exist in such proceedings." *Wise v. State*, 708 N.W.2d 66, 69 (Iowa 2006). Iowa Code section 815.10(1)(a) (2013) provides the court shall appoint an attorney to represent an indigent person at any stage of the criminal or postconviction proceedings. A court-appointed attorney seeking compensation for services to indigent clients must submit a fee claim to the SPD. Iowa Code § 815.10A(1). The SPD is authorized to review and pay such claims. *See* Iowa Code § 13B.4. In PCR cases, the SPD must assess claims in accordance with section 822.5, which provides:

> If the applicant is unable to pay court costs and stenographic and printing expenses, these costs and expenses shall be made available to the applicant in the trial court, and on review. Unless the applicant is confined in a state institution and is seeking relief

under section 822.2, subsection 1, paragraphs "e" and "f", the costs and expenses of legal representation shall also be made available to the applicant in the preparation of the application, in the trial court, and on review if the applicant is unable to pay.

Section 822.2 provides:

1. Any person who has been convicted of, or sentenced for, a public offense and who claims any of the following may institute, without paying a filing fee, a proceeding under this chapter to secure relief:
   a. The conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state.
   b. The court was without jurisdiction to impose the sentence.
   c. The sentence exceeds the maximum authorized by law.
   d. There exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.

The SPD may deny a claim or a portion thereof if it is not authorized to pay it under sections 822.5 and 822.2. *See e.g.,* Iowa Code § 13B.4(4)(c)(2)(b); 13B.4(4)(c)(5).

In the fee dispute before us, Mears contends his claim on Jensen's behalf is compensable because it arose within section 822.2(1)(a). He asserts Jensen had a constitutional right to enforcement of the plea agreement and sentencing order requiring him to register as a sex offender for only ten years. The SPD contends Mears's work is not compensable because it challenges the sex-offender registry requirement, which is not a sentence or conviction as 822.2(1)(a) contemplates. Thus, the SPD asserts the claim was not within the scope of compensable court-appointed legal services, and the district court erred in finding it was compensable.

Our supreme court has determined that the sex offender registration requirements of chapter 692A are not punitive in nature. *State v. Pickens*, 558 N.W.2d 396, 400 (Iowa 1997). It also has found that "the determination of the length of any required registration is an administrative decision initially committed to the Department of Public Safety." *State v. Bullock*, 638 N.W.2d 728, 735 (Iowa 2002). Prior to an administrative determination of the length of a registry requirement and a request for judicial review of the decision, district court adjudication is premature. *Id.*[2]

The SPD explains the portion of Mears's claim reflecting the work he did on the amended application is not compensable because the amended application actually removed the compensable PCR claim from Jensen's initial application. The pro se application had requested as relief, "10 year registry if unable new trial." Jensen could have, within section 822.2(1)(a), requested that the court vacate his plea or sentence on constitutional grounds and reset the case for a new trial or resentencing. The SPD asserts, and Mears concedes, the "amended and substituted" application requests only enforcement of the ten-year registration provision. According to the SPD, because the length of sex offender registry obligation is a non-punitive determination, not within the authority of the court in a chapter 822 proceeding, the amended application no longer stated a challenge to Jensen's conviction or sentence. Mears responds that because

---

[2] This court also has concluded that because the registry requirements are not "punishment," they are not amenable to a cruel-and-unusual-punishment challenge. *See State v. Harkins*, 786 N.W.2d 498, 507-508 (Iowa Ct. App. 2009).

Jensen is seeking specific enforcement of the plea agreement or the sentencing order on constitutional grounds, he is challenging the sentence, thus keeping the argument within chapter 822. Mears further explains the reason Jensen is not seeking to vacate his plea or sentence is that he is already released from incarceration.

Criminal defendants have a constitutional interest in the enforcement of a plea bargain when they have agreed to plead guilty in reliance on that bargain. *See State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011). In Jensen's case, the State and the court apparently agreed he would be required to register for only ten years, even though the court was without authority to make that determination. *See Bullock*, 638 N.W.2d at 735. Jensen relied on those representations in pleading guilty. Subsequently he discovered to his detriment he would be required to register for life. Thus, he claims the increased registration requirement renders his sentence a violation of constitutional guarantees, as set out in section 822.2(1)(a).

The district court overruled the State's motion to dismiss the initial pro se application. In that ruling, the district court found:

> [I]t appears possible that Mr. Jensen would be able to prove that his constitutional rights to due process or his rights to the application of [Iowa Court] Rules 2.8[3] and 2.10[4] were violated. It is impossible to know at this time whether Mr. Jensen would have proceeded with his guilty pleas if he had been accurately advised of his sex offender registry obligation.

---

[3] Rule 2.8 [(regarding pleas of guilty)].
[4] Rule 2.10 [(regarding the plea bargaining process)].

The SPD does not challenge Mears's fee claim as it relates to defending the State's motion to dismiss, apparently conceding that the claim made in the initial application was within the purview of section 822.2(1).

Further, in granting the motion for summary judgment on the amended application, the district court made no finding that Jensen's amended application was not within section 822.2(1). The court, relying on *Bullock*, found that although Jensen had a constitutional liberty interest in the sentencing order, it was without authority to determine the length of time a criminal defendant had to register as a sex offender. Thus, the court considered the merits of the amended application and denied it; but it did not find that the amended application failed to allege a PCR claim, as the SPD advances on appeal.

The district court's ruling on Mears's motion for review of the SPD's denial of a portion of his fee claim also noted the prior rulings and rejected the SPD's arguments that Mears should not be compensated for work done after denial of the motion to dismiss:

> The Court finds and concludes that the rationale of the Office of the State Public Defender as to the cut-off for appropriate and compensable claims is not rationally related to the work performed by Mr. Mears. The amended postconviction application did not change substantially the issues involved in Mr. Jensen's postconviction case. Indeed, it appears undisputed that the amended request for postconviction relief by its specific language was brought under 822.2(1)(a), although it did not seek new relief. The Public Defender's position apparently would be that, had the State's motion to dismiss been granted, Mr. Mears would not be entitled to any fees at all. The fact that a PCR claim is unsuccessful, however, whether on a motion to dismiss or a motion for summary judgment, does not mean that it was not in fact a PCR claim. Indeed, the Office of the State Public Defender does not

suggest that losing a postconviction application on summary judgment constitutes grounds for declining to pay counsel appointed to represent an applicant in connection with such [a] PCR claim. The State Public Defender's acknowledgment that Mr. Mears should be reimbursed for his work on this file at all suggests that the Office of the State Public Defender acknowledges that failure to prevail on a postconviction action is not grounds for denying payment to counsel. In short, no rational reason is offered for the distinction suggested by the State Public Defender.

On appeal, the SPD again concedes that Mears should be compensated for work on the motion to dismiss and that compensation from the indigent defense fund is not dependent upon the success of the claim. However, the SPD continues to insist the court should find Mears's work on the amended application is not compensable.

The SPD also argues that the court should defer to the SPD's judgment in determining that a claim is not compensable for failure to fall within section 822.2(1)(a). According to the SPD, "The district court review of the State Public Defender's action is deferential and essentially appellate in nature." Iowa Code section 13B.4(4)(d) provides that "[n]otwithstanding chapter 17A," a claimant for attorney fees may seek review of the SPD's denial of a claim or portion of a claim. It also provides: "[T]he action of the state public defender shall be affirmed unless the action conflicts with a statute or an administrative rule." Iowa Code § 13B.4(4)(d)(5). We do not read "deference" into section 13B.4(4)(d). The SPD is apparently arguing that standards of review applicable to chapter 17A should apply, even in a case such as this where the claimant seeks a direct review outside of chapter 17A. We will apply the statutory language of section

13B.4(4)(d) and will affirm the action of the SPD "unless the action conflicts with a statute or an administrative rule." *Id.*

The SPD contends it is appropriate for it to deny payment unless the application asserts a claim that "could plausibly be considered" a PCR proceeding. The SPD cites no authority for application of this standard to its fee determinations. Nor are we convinced that we should adopt such a non-statutory standard for our review of its determinations. When the district court appointed Mears to be Jensen's PCR counsel, it must have done so believing Jensen's application asserted a viable PCR claim. In fact, that application survived the motion to dismiss. After the State filed its motion for summary judgment, Mears drafted an amended application in an effort to keep Jensen's claim viable.

In *Gamble v. State*, 723 N.W.2d 443, 444-46 (Iowa 2006)*,* our supreme court considered what had been a common practice in the trial courts of requiring PCR counsel to investigate and evaluate the viability of each pro se claim raised by a PCR applicant. The court ultimately concluded "[p]ostconviction counsel shall not be required to assess the validity of Gamble's [pro se claims]." *Gamble*, 723 N.W.2d at 446.

> A postconviction relief applicant may file applications, briefs, resistances, motions, and all other documents the applicant deems appropriate in addition to what the applicant's counsel files. *This qualification should give the applicant assurance that all matters the applicant wants raised before the district court will be considered.*

*Id.* at 445 (quoting *Leonard v. State*, 461 N.W.2d 465, 468 (Iowa 1990) (emphasis added by the *Gamble* court)).

The court clarified counsel's responsibilities in representing a PCR applicant:

> An attorney, of course, may not ethically urge grounds that are lacking in legal or factual support simply because his client urges him to do so. Our rules require that an attorney certify that any claim advanced
> > is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . .
>
> Iowa R. Civ. P. 1.413(1). On the other hand, neither should defense counsel be expected to criticize or diminish their own client's case; that role should be filled, if at all, by counsel for the resisting party.

*Id.* at 446.

Pursuant to *Gamble,* we find Mears was properly pursuing Jensen's pro se claim seeking enforcement of the ten-year registration requirement, albeit in an amended application that Mears drafted, and the amended application did not substantially change the ultimate issue that Jensen wished to pursue. There is no dispute that there was statutory authority to appoint Mears to represent Jensen in the PCR case. We have determined that his representation was as authorized—if not required—by *Gamble.* The SPD's decision that Mears should not be paid for services that our supreme court decided in *Gamble* were required of PCR counsel conflicts with the statutory requirement for legal representation of an applicant who is unable to pay. *See* Iowa Code § 822.5. Accordingly, Iowa Code section 13B.4(4)(d)(5) does not support affirming the action of the SPD.

## IV. CONCLUSION.

We conclude that the amended application stated a challenge to Jensen's sentence and conviction on constitutional grounds that he wanted to pursue as

contemplated under section 822.2(1)(a), and *Gamble* required Mears, as appointed counsel, to advance that claim. Accordingly, Mears's work was compensable. We affirm the district court ruling.

**AFFIRMED.**

Bower, J., concurs; McDonald, J., concurs specially.

**MCDONALD, J.** (concurring specially)

I write separately because we do not have jurisdiction over this untimely appeal. Generally, notice of appeal must be filed within thirty days after the filing of a final order or judgment. *See* Iowa R. App. P. 6.101(1)(b). "However, if a motion is timely filed under Iowa R. Civ. P. 1.904(2) . . . the notice of appeal must be filed within thirty days after the filing of the ruling on such motion." *Id.* This tolling period applies only where the motion is both timely and proper. *See Baur v. Baur Farms, Inc.*, 832 N.W.2d 663, 668 (Iowa 2013) (stating appellate court has jurisdiction only if motion was proper); *Harrington v. State*, 659 N.W.2d 509, 513 (Iowa 2003) ("If the rule 1.904(2) motion is not timely filed, however, it will not toll the thirty-day time period for filing a notice of appeal."); *Bellach v. IMT Ins. Co.*, 573 N.W.2d 903, 904–05 (Iowa 1998) (stating that an improper motion will not toll the time period to file an appeal).

Here, the district court issued its ruling on Mears's fee claim on March 12, 2013. The SPD filed a motion pursuant to rule 1.904(2) for enlarged and amended findings of fact and conclusions of law on March 28. The district court denied the SPD's motion on April 22, and the SPD filed his notice of appeal on May 20. Because the notice of appeal was filed more than thirty days after the district court's ruling on Mears' fee claim, the question presented is whether the SPD's rule 1.904(2) motion tolled the appeal deadline.

"[A] motion to enlarge or amend is available only to address rulings on factual issues tried without a jury." *Baur*, 832 N.W.2d at 668. Any legal issues "raised in the motion must have been addressed in the context of an issue of fact

tried by the court without a jury." *Id.* When the rule 1.904(2) motion "amounts to nothing more than a rehash of legal issues previously raised, we will conclude the motion does not toll the time for appeal." *Id.* at 668-69. Here, the SPD's motion raised the same legal issues raised in the SPD's oral resistance to Mears's fee claim. The rule 1.904(2) motion simply rehashed the same legal argument previously made. The SPD's motion did not identify any specific finding of fact to be amended. The SPD's motion did not request any specific, overlooked finding of fact be made. The SPD's motion did not identify any overlooked issue that needed to be addressed to preserve error for appeal.

Accordingly, I would dismiss the appeal for lack of subject matter jurisdiction. *See Hills Bank & Trust Co. v. Converse*, 772 N.W.2d 764, 771 (Iowa 2009) (explaining an untimely appeal leaves appellate courts without subject matter jurisdiction to hear the appeal).