**IN THE COURT OF APPEALS OF IOWA**

No. 15-1715
Filed August 17, 2016

**TYRONE DARNELL JONES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


Tyrone Darnell Jones appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**



Andrea K. Buffington of Ranes Law Firm, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.



Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Tyrone Darnell Jones appeals from the district court's denial of his application for postconviction relief (PCR), alleging his postconviction counsel was ineffective. We affirm.

Jones was convicted by a jury of robbery in the second degree in 2012. His conviction was affirmed on appeal by a panel of this court. *See State v. Jones*, No. 12-1871, 2013 WL 6405379, at *4 (Iowa Ct. App. Dec. 5, 2013). Jones filed a pro se PCR application in September 2014. In his PCR application, Jones generally alleges his conviction violates the United States and Iowa Constitutions or laws, he has evidence not previously presented that requires vacation of his sentence, he is unlawfully in custody, and his conviction or sentence is otherwise subject to collateral attack. Specifically, Jones claims certain witnesses who testified against him made up their statements about him to lessen their own punishment.

He was appointed counsel in January 2015. In February 2015, the State filed a motion for summary judgment and dismissal. No response was filed. A hearing was held on the motion in August 2015. At the hearing, Jones's counsel stated,

> Your Honor, as I mentioned before we went on the record, I have not filed a formal resistance in this matter on Mr. Jones'[s] behalf due to the fact that in my professional opinion doing so would be frivolous.
> I have explained that at length to Mr. Jones. I also have explained to Mr. Jones that he has the right, as a postconviction applicant, to raise any pro se arguments that he believes are necessary, and that you would probably give him the opportunity to do so.

The PCR court then addressed Jones, allowed Jones to present his case, and explained to Jones what issue the court understood Jones's arguments raised.[1] In September 2015, the PCR court issued its ruling granting the State's motion. Jones appealed.

Postconviction proceedings are generally reviewed for errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). When, as here, the appellant raises an ineffective-assistance-of-postconviction-counsel claim, we apply a de novo review. *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

On appeal, Jones makes one claim, that his PCR counsel was ineffective. An applicant may raise an ineffective-assistance claim in an appeal from the PCR court's denial of his PCR application. *See Dunbar v. State*, 515 N.W.2d 12, 16 (Iowa 1994). In order to succeed on a claim of ineffective assistance of counsel—whether attributable to trial counsel or PCR counsel—a defendant must prove counsel breached a duty and prejudice resulted. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Both elements must be proven by a preponderance of the evidence, and we reject the claim if it fails on either ground. *Id.* at 142. A breach of duty is shown if counsel performed below the standards of a "reasonably competent attorney" as measured against the "prevailing professional norms." *Id.* (citation omitted). To prove prejudice, Jones must show "a reasonable probability that, but for counsel's unprofessional errors,

---

[1] At the PCR hearing, Jones's argument largely appeared to be—and the court interpreted it to be—a challenge to the sufficiency of the evidence at trial. The PCR court asked Jones if he had been represented by counsel and had challenged the sufficiency of the evidence on appeal. Jones answered in the affirmative. However, it does not appear the sufficiency of the evidence was raised on appeal. *See Jones*, 2013 WL 6405379, at *2.

the result of the proceeding would have been different." *Lado*, 804 N.W.2d at 251 (citation omitted).

Jones argues his PCR counsel was so substandard a structural error occurred, specifically that there was no meaningful adversarial testing of his claims. *See id.* at 252 (identifying three recognized structural errors, including "where counsel does not place the prosecution's case against meaningful adversarial testing"). Therefore, Jones argues prejudice should be presumed. *See id.* (noting that, where a structural error has occurred, "'[n]o specific showing of prejudice [is] required' as the criminal adversary process itself is 'presumptively unreliable.'" (alterations in original) (citation omitted)). In support of his claim, Jones relies upon the court's findings in *Lado* and in *Dockery v. State*, No. 13-2067, 2016 WL 351251 (Iowa Ct. App. Jan. 27, 2016).

In *Lado*, the defendant filed a pro se PCR application and requested counsel; approximately eighteen months later, counsel was appointed and instructed that Lado's application was under an Iowa Rule of Civil Procedure 1.944 dismissal notice for failure to prosecute. 804 N.W.2d at 250. The State then filed for dismissal on several grounds including rule 1.944. *Id.* Counsel failed to seek relief from the rule 1.944 time requirement and admitted he had not reviewed the entire file or discussed the State's motion with Lado. *Id.* The Court instructed both parties to provide written materials at least two days before a hearing on the State's motion, which Lado's counsel failed to do. *Id.* Following the hearing, the State dismissed Lado's application pursuant to rule 1.944 without considering the merits of Lado's application. *Id.* In finding Lado's counsel had committed a structural error, the Iowa Supreme Court reasoned,

"[p]ermitting a client's postconviction relief application to be dismissed because of inaction is never an effective trial strategy. Counsel's failure to seek a continuance of the case, or to apply to have the case reinstated, resulted from abdication, not exercise, of professional judgment." *Id.* at 251. Because of Lado's counsel's inaction, his PCR application was dismissed without any consideration of its merits. *Id.* at 252-53.

In *Dockery*, PCR counsel pursued only one ground for relief, a ground not tenable in a PCR proceeding; PCR counsel failed to amend or supplement Dockery's pro se action, despite the State pursing dismissal based on the application setting forth insufficient facts; PCR counsel failed to secure Dockery's presence at trial, and thus he was unable to present his own claims; and PCR counsel failed to ensure the court addressed Dockery's pro se claims. 2016 WL 351251, at *4.

Here, the record indicates PCR counsel considered Jones's potential claims and discussed her evaluation with Jones. Under our rules, counsel can only advance claims "well grounded in fact and . . . warranted by existing law or [by] a good faith argument for the extension, modification, or reversal of existing law." Iowa R. Civ. P. 1.413(1); *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006). Counsel was not required to assess the validity of Jones's pro se claims. *Gamble*, 723 N.W.2d at 446. However, she did ensure Jones was telephonically present to argue his pro se claims, reminded Jones of his right to raise pro se claims, and reminded the court of its obligations to consider said claims, which the court did. Jones's claims were addressed by the PCR court in its ruling, not dismissed procedurally for want of prosecution.

While we note defense counsel should not "criticize or diminish their own client's case" as "that role should be filled, if at all, by counsel for the resisting party," *id.*, we cannot conclude Jones's counsel's statement that filing a resistance "would be frivolous" constitutes ineffective assistance of counsel rising to the level of a structural error.

Finding no structural error, Jones must prove he was prejudiced by any alleged ineffective assistance of his PCR counsel. Yet Jones has failed to identify or argue a single claim his PCR counsel should have pursued that would have entitled him to relief. *Compare Weatherly v. State*, No. 14-1890, 2016 WL 1130043, at *2 (Iowa Ct. App. Mar. 23, 2016) (affirming the denial of the defendant's PCR application noting the defendant "fail[ed] to identify a single ground of ineffective assistance of counsel that should have been raised by PCR counsel"), *and Allard v. State*, No. 11-1641, 2013 WL 1227352, at *3 (Iowa Ct. App. Mar. 27, 2013) (noting the applicant "identifies no meritorious claim that postconviction counsel should have raised or raised more effectively"), *with Dockery*, 2016 WL 351251, at *3 (noting defendant specified two claims his PCR counsel should have raised had his PCR counsel done proper investigation: "(1) trial counsel in the underlying criminal action allowed him to plead guilty to third-degree theft without a factual basis being shown in the record, and (2) counsel in the probation-revocation proceedings represented him in spite of a conflict of interest").

As noted by the PCR court, the only fact Jones put forth in support of his claims was that the witnesses who testified against him at trial had lied. Ultimately, Jones has failed to prove how any action by his PCR counsel would

have made the result of the proceeding different.  Accordingly, we affirm the PCR court's dismissal of Jones's application.

**AFFIRMED.**