Stephen C. LEONARD, Appellant,

v.

STATE of Iowa, Appellee.

No. 89–1511.

Supreme Court of Iowa.

Oct. 17, 1990.

Rehearing Denied Nov. 26, 1990.

Raymond E. Rogers, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Anuradha Vaitheswaran, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

LAVORATO, Justice.

At issue in this appeal is whether a postconviction relief applicant has the right to dispense with court-appointed counsel. The district court thought not. We agree and affirm.

Stephen Leonard, the postconviction relief applicant, was an inmate at the Iowa State Penitentiary in Fort Madison on March 19, 1988. On that date Leonard—according to a disciplinary report—approached the upper unit office window during the supper period. Leonard asked a correctional officer to turn on the electricity in his cell. The officer told Leonard the electricity in Leonard's cell would stay off until the officer received further instructions from the unit supervisor.

Leonard left the office and returned to his cell. Several minutes later Leonard walked by the office in the direction of the stairway. When the correctional officer ordered Leonard to return to his cell, Leonard refused and proceeded to the lower unit. Leonard returned to the upper unit a short time later and told the officer, "If you don't turn on my electricity, you can plan on taking me to CH 319."

In the disciplinary proceeding that resulted from this incident, Leonard contended he was free to return to and leave the cell house during the thirty minute supper meal. Leonard returned to his cell to retrieve a telephone number. According to Leonard, he went to the window to tell the officer that his electricity was off, went back to his cell for the number, and went outside to make the call. Leonard denied receiving a first or second order to return to his cell.

The disciplinary notice cited several rule violations, but the disciplinary committee found only one violation: disobeying a lawful order. Following the committee's disciplinary action, Leonard appealed to the warden who denied Leonard's appeal. The warden found sufficient evidence to support the violation, factual findings, and disposition, as well as no new evidence or errors of due process.

Leonard appealed the warden's decision to the Iowa department of corrections. The department denied Leonard's appeal for the same reasons cited by the warden.

On June 7, 1988, Leonard applied for court-appointed counsel. He alleged indigency, and acknowledged a limited knowledge of the law and the need for adequate assistance of competent counsel. Leonard then applied to the district court for postconviction relief pursuant to Iowa Code chapter 663A. The district court, the Honorable David B. Hendrickson presiding, appointed counsel for Leonard.

The record reflects no further activity until July 28, 1989, when Leonard's counsel also petitioned for postconviction relief. On August 3, 1989, the clerk's office mailed

the attorneys a Rule of Civil Procedure 215.1 notice.

On August 10 Leonard filed three motions. He moved to dismiss his court-appointed counsel on several grounds.

Leonard also moved to proceed pro se. In that motion Leonard acknowledged his limited knowledge of the law but asserted he could better represent himself than his court-appointed counsel.

Finally, Leonard moved for a court order directing the Men's Reformatory at Anamosa to transport him to Lee County for the purpose of appearing before the court pro se. (Leonard had apparently been transferred from Fort Madison to Anamosa.)

On August 18 Leonard moved for a continuance until he could be transferred back to the Iowa State Penitentiary at Fort Madison.

On August 25 the district court, the Honorable R. David Fahey presiding, denied Leonard's August 10 motions. The court found insufficient reason existed to remove Leonard's court-appointed counsel. The court also found no reason for Leonard's presence at the trial. On September 6 a different judge, the Honorable Harlan W. Bainter, denied the motion for continuance.

Judge Bainter heard the case on September 18. Leonard was not personally present at trial. But his court-appointed counsel was. Leonard contended that the disciplinary proceeding was defective. He alleged the committee relied on inadequate evidence, a committee member had a conflict of interest, and the correctional officer's order was illegal.

Judge Bainter dismissed Leonard's petition on September 25. The court found that Leonard's first two contentions lacked merit. The court also found that Leonard had failed to establish the correctional officer was without authority to order Leonard back to his cell.

Leonard then appealed, and at the time of his appeal he asked that appellate counsel be appointed to represent him. In his application Leonard again acknowledged his lack of knowledge about the law and his need for assistance of counsel to prepare his appeal.

■ The appellate defender was appointed. On appeal Leonard contends he was denied due process when the district court refused to permit him to dispense with counsel.

In support of his contention Leonard argues that he has a statutory right to counsel under Iowa Code section 663A.5. In addition Leonard argues that such a right implies a correlative right to dispense with counsel in a postconviction relief proceeding.

I. Iowa Code section 663A.5 provides in pertinent part:

> If the applicant is unable to pay court costs and expenses of representation, including stenographic, printing, and legal services, these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review.

We have interpreted this provision to mean that appointment of counsel for a postconviction relief applicant rests in the sound discretion of the district court. *Furgison v. State*, 217 N.W.2d 613, 615 (Iowa 1974).

Although we have held that counsel need not *always* be appointed under section 663A.5, we have pointed out that "trial judges would ordinarily be well advised to appoint counsel for most indigent postconviction [relief] applicants." *Id.* We said so because we thought appointment of counsel "benefits the applicant, aids the trial court, is conducive to a fair hearing, and is certainly helpful in event of appeal." *Id.* We also said that

> in determining whether counsel should be appointed, trial judges should inceptionally read the often inartfully drawn application in a light most favorable to the applicant. In event it thus appears a substantial issue of law or fact *may* exist, then counsel should be at once appointed.

*Id.* at 615–16.

■ Recently, we held that a postconviction relief applicant has no federal sixth amendment right to counsel at a discipli-

nary hearing or in a proceeding to challenge the results of such a hearing. *Williams v. State*, 421 N.W.2d 890, 892 (Iowa 1988). This holding rests on the recognition that the sixth amendment right to counsel attaches only at the initiation of criminal prosecutions; prison disciplinary proceedings and judicial review of them are not criminal prosecutions. *Id.; See also Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 951 (1974) (prison disciplinary actions are not criminal prosecutions); *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 1556–57, 47 L.Ed.2d 810, 819 (1976) (prison inmates have no due process right to counsel in disciplinary hearings). Judicial review of prison disciplinary proceedings is provided for in our postconviction statute. *See* Iowa Code § 663A.2(5), (6); *Davis v. State*, 345 N.W.2d 97, 98–99 (Iowa 1984) (postconviction relief is available to one challenging prison disciplinary proceedings).

■ The sixth amendment to the United States Constitution guarantees a criminal defendant "assistance of counsel for his defense." U.S. Const. amend. VI. Implicit in the words "assistance of counsel" is the notion that a criminal defendant has

the right to self-representation—to make one's own defense personally.... The right to defend is given directly to the accused; for it is he who suffers the consequences if the defense fails.

The counsel provision supplements this design. It speaks of the "assistance" of counsel, and an assistant, however expert, is still an assistant. The language and spirit of the Sixth Amendment contemplate that counsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists.

*Faretta v. California*, 422 U.S. 806, 819–20, 95 S.Ct. 2525, 2533–34, 45 L.Ed.2d 562, 572–73 (1975). So the Supreme Court has declared that a criminal defendant has a sixth amendment right to *dispense* with counsel. *Id.* at 821, 95 S.Ct. at 2534, 45 L.Ed.2d at 573–74.

The sixth amendment is made binding on the states through the fourteenth amendment. *Id.* at 807, 95 S.Ct. at 2527, 45 L.Ed.2d at 566; U.S. Const. amend. XIV. But the sixth amendment applies only to criminal prosecutions and so has no application to postconviction relief proceedings. *See State v. Wright*, 456 N.W.2d 661, 664–65 (Iowa 1990).

■ II. The key to this case lies in the discretion lodged in the district court by virtue of Iowa Code section 663A.5. Discretion to deny counsel, we think, necessarily implies discretion to deny dispensing with counsel. We see nothing in the language of section 663A.5 indicating a legislative intent to deny the district court such discretion.

We hold that Iowa Code section 663A.5 gives the district court discretion to deny a postconviction relief applicant's request to dispense with counsel. We think all the reasons we cited earlier in favor of appointing counsel in postconviction relief proceedings apply with equal force on this issue. As we said, appointment of counsel "benefits the applicant, aids the trial court, is conducive to a fair hearing, and is certainly helpful in event of appeal." *Furgison*, 217 N.W.2d at 615.

■ We temper our holding with one qualification. A postconviction relief applicant may file applications, briefs, resistances, motions, and all other documents the applicant deems appropriate in addition to what the applicant's counsel files. This qualification should give the applicant assurance that all matters the applicant wants raised before the district court will be considered.

■ III. Leonard makes no claim that the district court abused its discretion when it denied his request to dispense with counsel. He only claims he has a right to

dispense with counsel. In any event our review of the record convinces us that the district court had ample grounds to deny Leonard's request. We only reverse for abuse of discretion when such discretion is exercised on grounds or for reasons "clearly untenable or to an extent clearly unreasonable." *Rowen v. LeMars Mut. Ins. Co.,* 357 N.W.2d 579, 583 (Iowa 1984).

IV. We conclude the district court correctly denied Leonard's request to dispense with counsel, and we affirm.

AFFIRMED.