# IN THE SUPREME COURT OF IOWA

No. 98 / 04-1965

Filed November 3, 2006

**JAMES E. GAMBLE**,

     Appellant,

vs.

**STATE OF IOWA**,

     Appellee.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

Postconviction applicant under Iowa Code chapter 822 (2003) appeals from order denying relief.  **DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kristin Guddall, Assistant Attorney General, John P. Sarcone, County Attorney, and Susan Cox, Assistant County Attorney, for appellee.

**LARSON, Justice.**

James Gamble was convicted of second-degree robbery under Iowa Code sections 711.1 and 711.3 (1999), and that conviction was affirmed by the court of appeals. Gamble filed an application for postconviction relief under Iowa Code chapter 822, which was denied by the district court. The court of appeals affirmed, and we granted Gamble's application for further review. We vacate the decision of the court of appeals, reverse the judgment of the district court, and remand.

## I. *Facts and Prior Proceedings.*

In Gamble's application for postconviction relief, filed on October 7, 2003, he requested the appointment of counsel. On October 23, 2003, the district court appointed an attorney and further directed that,

> [p]ursuant to Iowa Code section 822.6, *counsel shall review the application with the applicant and determine if the application contains a proper claim for relief or whether the applicant has a viable claim for such relief.*
>
> Counsel shall report to this Court on December 5, 2003, at 8:00 a.m. in Courtroom 313 as to the status of the Application for Post-Conviction Relief and/or file an Amended Application for Post Conviction Relief setting forth any viable claims under appropriate law, or file a report with the Court and/or Application to Withdraw, trial scheduling conference, *or a Dismissal of the Application if it is determined the application does not have any viable claims.*

(Emphasis added.) The italicized portions of this order, in substantially the same form, have apparently been in widespread use in Iowa. However, for reasons to be discussed, we conclude these types of provisions should not be used.

On January 30, 2004, Gamble's attorney filed his report as ordered and, at the same time, filed an amended application. In his report, the attorney separately addressed each of Gamble's claims, explaining what he had done to investigate each of them and his assessment of their merit. The

attorney concluded that, except for one, all of Gamble's claims lacked merit. The one exception was Gamble's claim that his trial attorney had failed to impeach one of the State's witnesses.

On February 18, 2004, Gamble filed a pro se supplement to his application and responded to his lawyer's assessment of his case. Gamble waived six of the claims originally included in his application. However, he did not waive five remaining claims, including his pro se claims, and requested that the court address all of them.

The district court denied Gamble's application. In so doing, it specifically addressed and rejected the one ineffective-assistance claim made by Gamble's attorney. The court did not, however, address Gamble's additional pro se claims. Gamble appealed, and his appellate counsel, likewise, raised only that claim advanced by his postconviction counsel. Gamble filed a supplemental pro se brief, [1] arguing that the court erred in denying his application, that the court had abdicated its responsibility by incorporating his lawyer's report in the court's judgment, and that the court had failed to adjudicate Gamble's pro se claims.

On this appeal, we do not address the merits of Gamble's ineffective-assistance-of-counsel claims; that will have to await another day, as this case must be remanded. Our focus is on Gamble's claim that the district court erred by ordering his attorney to assess Gamble's case, by adopting his counsel's report, and by failing to address Gamble's pro se claims.

---

[1]*See* Iowa R. App. P. 6.13(2):

Any criminal defendant or applicant for postconviction relief who wishes to file a pro se supplemental brief or designate additional parts of the district court record for inclusion in the appendix may do so within 15 days of service of the proof brief filed by their counsel. Any pro se supplemental brief or designation filed beyond this period by a properly served defendant or applicant will not be considered by the court and no response by the State will be required or allowed.

## II.  *The Court's Order.*

The court's order on the postconviction application stated, in part, that, on January 30, 2004,

> Mr. Denniston filed a report to the Court stating he could not find adequate evidence or law to support Petitioner's original claims.  The court agrees with Mr. Denniston's analysis of the invalidity of these claims, and determines they do not establish a basis for postconviction relief *based upon the reasoning set forth in Mr. Denniston's findings which are incorporated by reference herein.*

(Emphasis added.)

Despite the district court's reliance on Iowa Code section 822.6 in ordering counsel to evaluate his client's case, that section does not provide for such an evaluation; sections 822.6 and 822.7 clearly place that responsibility on the court.  Gamble complains that the court's order for his attorney to assess and report on the validity of Gamble's claims creates two problems:  First, it places his counsel in a conflict-of-interest situation.  (In fact, Gamble summed it up when he complained in his pro se brief on further review that his appointed counsel's report "attacked and challenged the pro se claims.")  Second, this results in the court's abdication of its own decision-making responsibility.

Section 822.6 contemplates that a claimant in a postconviction case will be allowed to have extensive pro se participation in the proceedings.  This is evidenced by this language in section 822.6:

> The court may make appropriate orders for amendment of the application or any pleading or motion, or pleading over, for filing further pleadings or motions, or for extending the time of the filing of any pleading.  In considering the application the court shall take account of substance regardless of defects of form.

The statute even provides that, if an applicant fails to furnish an adequate record, the *opposing* party (here, the State) "shall file with its answer the

record or portions thereof that are material to the questions raised in the application."

Our case law, moreover, recognizes these accommodations. We have said:

> A postconviction relief applicant may file applications, briefs, resistances, motions, and all other documents the applicant deems appropriate in addition to what the applicant's counsel files. *This qualification should give the applicant assurance that all matters the applicant wants raised before the district court will be considered.*

*Leonard v. State*, 461 N.W.2d 465, 468 (Iowa 1990) (emphasis added). This is consistent with the general provision of section 822.7 that "[t]he court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented."

It appears to be quite common practice among our district courts to require appointed counsel to evaluate their clients' cases and to then rely on these evaluations in making the courts' rulings. This reality has not been lost on Gamble, who, in his pro se brief on further review, cites *Leonard* and

> requests the Court to retain this case and tell the district courts that they shall not abdicate their duty and responsibility to adjudicate each claim presented [and determine whether] a court-appointed attorney [has] the power and/or authority to actually adjudicate an application for postconviction relief; and . . . can a district court transfer its duty and responsibility under Iowa Code section 822.7 [requiring specific rulings on issues] to any attorney???

An attorney, of course, may not ethically urge grounds that are lacking in legal or factual support simply because his client urges him to do so. Our rules require that an attorney certify that any claim advanced

> is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . . .

Iowa R. Civ. P. 1.413(1). On the other hand, neither should defense counsel be expected to criticize or diminish their own client's case; that role should be filled, if at all, by counsel for the resisting party.

A pro se applicant has no ethical prohibitions against filing claims that a court might find to be without merit and may, under our postconviction statute, demand full consideration of all claims raised—those raised pro se as well as those raised by counsel. *See Leonard*, 461 N.W.2d at 468. We realize that a detailed consideration of pro se claims can be burdensome. This case presents a good example: the applicant filed a thirty-page amended application with many prolix and confusing claims. Ruling on all of the issues raised, as required by section 822.7, is challenging to a trial court, but the need for individualized findings is substantial.

> As the Ohio Supreme Court has stated:
>
> The obvious reasons for requiring findings are ". . . to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.
>
> . . . Requiring a petitioner to perfect an appeal without having findings before him would deter judicial economy, for it would guarantee two trips to the appellate court—one to force the findings and another to review the decision on the merits.

*State v. Mapson*, 438 N.E.2d 910, 912-13 (Ohio 1982) (citations omitted) (footnote omitted). Our court in *Allen v. State*, 217 N.W.2d 528, 531 (Iowa 1974), also noted the need for specific findings for proper review on appeal.

Despite the requirement of section 822.7 that the district court make specific findings of fact and conclusions of law as to each issue, we have

said that substantial compliance is sufficient. Even if the court does not respond to all of the applicant's *allegations*, the ruling is sufficient if it responds to all the *issues* raised. *State v. Allen*, 402 N.W.2d 438, 441 (Iowa 1997); *Rheuport v. State*, 238 N.W.2d 770, 777 (Iowa 1976).

This case must be remanded for a new hearing on Gamble's postconviction application. Postconviction counsel shall not be required to assess the validity of Gamble's claims, and the court, pursuant to section 822.7, shall provide findings of fact and conclusions of law with respect to each of Gamble's issues.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**

Wiggins and Hecht, JJ., take no part.