# IN THE SUPREME COURT OF IOWA

No. 141 / 04-1675

Filed May 4, 2007

**DOUGLAS JONES**,

Appellant,

vs.

**STATE OF IOWA**,

Appellee.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Dallas County, Gregory A. Hulse, Judge.

Applicant seeks further review of court of appeals decision affirming district court judgment rejecting his claim for postconviction relief. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND REVERSED IN PART; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**

Patricia A. Reynolds, Acting State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Douglas Jones, appellant, pro se.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, and Wayne M. Reisetter, County Attorney, for appellee.

**TERNUS, Chief Justice.**

The primary issue addressed in this opinion is whether the trial court properly refused to consider the appellant's pro se pleadings and rule upon the appellant's pro se claims for postconviction relief. Although the appellant, Douglas Jones, was represented by counsel throughout this postconviction relief (PCR) action, he filed several pleadings in the district court asserting the attorneys appointed to represent him in his criminal case rendered ineffective assistance. The trial court refused to consider any of Jones's pro se pleadings because Jones was represented by counsel. The court considered and rejected the ineffective-assistance-of-counsel claims made by Jones's attorney.

On appeal, the court of appeals apparently determined Jones's pro se claims should have been considered by the district court because the court of appeals rejected his claims on the merits, based on the record before it. In addition to ruling on the claims raised by Jones in the district court, the court of appeals also rejected an ineffective-assistance-of-counsel claim raised by Jones on appeal that was based on alleged prosecutorial misconduct in closing arguments.

Jones and his counsel sought further review, which we granted in order to consider whether the court of appeals properly rejected Jones's pro se claims of ineffective assistance of counsel. Jones argues the court of appeals erred in addressing and deciding his pro se claims without giving him an opportunity to present evidence to prove his claims. We agree. Therefore, we reverse that part of the court of appeals decision rejecting the claims of ineffective assistance of counsel raised by Jones in the district court. We agree with the court of appeals that the claim made by Jones on appeal that his defense attorneys should have objected to the prosecutor's closing argument is without merit. Therefore, we affirm that aspect of the

court of appeals decision without further discussion. We reverse the district court judgment dismissing Jones's application for postconviction relief, and remand the case for further proceedings on Jones's claims.

I. *Factual Background and Prior Proceedings.*

In 1992, Jones was convicted of two counts of first-degree murder and one count of attempted murder. His appeal of these criminal convictions was unsuccessful.

Subsequently, an attorney was appointed to represent Jones for purposes of filing an action for postconviction relief. Counsel filed an application for postconviction relief, which was later amended, in which several claims of ineffective assistance of counsel were asserted. This attorney later withdrew, and the district court then appointed attorney Maria Ruhtenberg to represent Jones.

Over time, Jones became unhappy with Ruhtenberg's representation of him and filed a motion to remove her as counsel. At the pretrial conference, the court discussed Jones's motion with Jones, pointing out the disadvantages of trying to get new counsel at this stage of the proceedings. The court proposed giving Jones thirty days to work with counsel, and if he was not satisfied, he could come back to court and ask that counsel be removed. Jones thought that proposal was fair, so the court did not remove Jones's attorney.

Prior to trial, Jones filed a pro se amendment to his petition, raising additional claims of ineffective assistance of counsel, and asked for "specific discovery." The court took no action, stating "these matters should be presented by counsel."

Subsequently, at a hearing attended only by the attorneys, Jones's counsel and the State agreed to submit the case on the depositions and briefs. The matter was to be considered submitted on September 20, 2001.

There is no indication in the record that Jones was notified of this hearing or its result. In fact, on August 22, 2001, Jones filed a "memorandum of constitutional issues," raising additional claims of ineffective assistance of counsel. This pleading was followed one month later with a pro se motion requesting that Ruhtenberg be dismissed and new counsel appointed.

On May 16, 2002, Jones wrote to the clerk of court, requesting a copy of the file and asking when the hearing on his motion to remove counsel would be held. The court then advised Ruhtenberg and Jones that all pleadings and communications to the court should come through counsel and that anything from Jones would be ignored unless it related to representation.

Notwithstanding the court's admonition, Jones filed a pro se motion for summary judgment. He claimed that pursuant to this court's decision in *Leonard v. State,* 461 N.W.2d 465 (Iowa 1990), he was entitled to file pleadings and papers in addition to those filed by his attorney. The court refused to consider Jones's motion or the other pro se filings made by Jones.

A status conference was held in September 2004, attended only by the attorneys for the parties. The attorneys agreed the case was fully submitted and ready for ruling by the court. On September 28, 2004, the district court entered its ruling, denying the application for postconviction relief.

Appellate counsel for Jones then filed this appeal raising two issues: (1) the district court erred in failing to rule on Jones's pro se claims, and (2) the district court erred in failing to find that Jones had ineffective assistance of counsel in his criminal case. The appeal was transferred to the court of appeals, with the result described above. We granted further review to consider the appropriate disposition of Jones's pro se claims.

II. *Discussion.*

We think the proper resolution of the matter presented in the appeal before us is guided by our prior decisions in *Leonard* and in *Gamble v. State,* 723 N.W.2d 443 (Iowa 2006). Therefore, we begin our discussion with a brief review of those decisions.

In *Leonard,* this court held that the district court in a postconviction relief action has discretion to refuse an applicant's request to remove his court-appointed attorney and dispense with counsel. 461 N.W.2d at 468. We observed the district court could properly determine that, notwithstanding an applicant's wish to remove his attorney, counsel would still benefit the applicant and the court, would contribute to the fairness of the proceedings, and would aid in developing a record in the event of an appeal. *Id.* at 467. We pointed out that the Sixth Amendment right to counsel and the corollary constitutional right to dispense with counsel "applies only to criminal prosecutions and so has no application to postconviction relief proceedings." *Id.* at 468. Yet we recognized the dilemma in which an applicant is placed when a court refuses to remove counsel the applicant wishes to dismiss. "Therefore, [w]e temper[ed] our holding with one qualification":

> A postconviction relief applicant may file applications, briefs, resistances, motions, and all other documents the applicant deems appropriate in addition to what the applicant's counsel files. This qualification should give the applicant assurance that all matters the applicant wants raised before the district court will be considered.

*Id.*

In the *Gamble* case, James Gamble filed an application for postconviction relief claiming he received ineffective assistance from his attorney in a prior robbery prosecution. 723 N.W.2d at 443-44. At Gamble's request, the court appointed counsel for him in the PCR action

and then ordered Gamble's PCR attorney to evaluate his client's case and report that evaluation to the court. *Id.* Counsel filed his report and, at the same time, filed an amended application raising the one issue PCR counsel believed had merit. *Id.* Subsequently, the court ruled on the amended application, rejecting the one ineffective-assistance claim raised by Gamble's attorney. *Id.* The court did not address Gamble's pro se claims. *Id.* On appeal, this court held it was inappropriate for the court to require PCR counsel to assess the validity of his client's claims. *Id.* at 446. More pertinent to the present appeal, we also held that the case must be remanded for a new hearing on Gamble's pro se claims. *Id.* We stated the district court was required to make findings of fact and conclusions of law with respect to each issue raised by Gamble. *Id.* (citing Iowa Code § 822.7 (1999)).

We cull the following relevant principles from these decisions. First, a PCR applicant who is dissatisfied with his attorney's representation is permitted to raise issues pro se and file papers and pleadings pro se. *Gamble*, 723 N.W.2d at 446; *Leonard*, 461 N.W.2d at 468. Second, the district court must give the applicant an opportunity to be heard on his pro se claims and must then rule on each issue raised. *Gamble*, 723 N.W.2d at 446. Clearly, an applicant's opportunity to supplement counsel's pleadings and raise additional claims pro se would be meaningless if the applicant did not have a corresponding opportunity to be heard on the pro se claims and obtain a ruling on them.

In the present case, the district court erred in refusing to consider the pro se pleadings filed by Jones. Although the court of appeals correctly recognized this error, that court should have remanded this case back to the district court so Jones could be given an opportunity to submit evidence in support of his claims.

III. *Disposition.*

We affirm that part of the court of appeals decision rejecting Jones's claim arising from alleged prosecutorial misconduct. We reverse that part of the court of appeals decision addressing Jones's pro se claims on the merits. We remand this case to the district court for a hearing on Jones's pro se claims, after which the court must issue findings of fact and conclusions of law with respect to all issues raised by Jones. *See generally id.* (stating court need not address every allegation made by an applicant, but must respond to every issue raised).

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND REVERSED IN PART; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**

All justices concur except Hecht, J., who takes no part.