# IN THE COURT OF APPEALS OF IOWA

No. 15-0555
Filed August 31, 2016

**SAMUEL CLARKE TOOSON JR.,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Samuel Tooson appeals the trial court's denial of his application for postconviction relief, while asserting claims that his trial, postconviction relief, and appellate counsel were constitutionally ineffective, and that the district court abused its discretion. **AFFIRMED.**

Jeffrey M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant.

Samuel Clarke Tooson, Fort Madison, pro se.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

Samuel Tooson appeals from the district court's ruling denying his application for postconviction relief (PCR).  He argues that the district court erred by not sufficiently ruling on every claim he presented in his PCR application and further contends that his PCR counsel was constitutionally ineffective for failing to argue and present evidence at his PCR trial as to all the issues he wished to raise.  He further claims ineffective assistance of his trial counsel, appellate counsel, and PCR counsel.  Additionally, he asserts that the district court abused its discretion.

## I.  Background Facts and Proceedings

In 2006, a jury convicted Samuel Tooson of sexual abuse in the second degree, assault while participating in a felony, and simple assault.  He was sentenced to a term not to exceed twenty-five years, a term not to exceed five years, and a term not to exceed thirty days, respectively, all to run concurrently.

Following an unsuccessful direct appeal, Tooson filed an application for PCR alleging multiple grounds for relief.  In 2013, Tooson amended his application alleging additional grounds for relief, bringing the total to thirty-four grounds.  At the PCR proceeding, the court granted one of Tooson's claims of ineffective assistance of counsel as to the assault-while-participating-in-a-felony count and vacated that sentence.  The court denied all the remaining claims.

Tooson appeals.

## II.  Standards of Review

PCR proceedings are generally reviewed on error, but "when the applicant asserts claims of a constitutional nature, our review is de novo."  *Ledezma v.*

*State*, 626 N.W.2d 134, 141 (Iowa 2001) (quoting *Osborn v. State*, 573 N.W.2d 917, 920 (Iowa 1998)).  Hence, ineffective-assistance-of-counsel claims are reviewed de novo.  *Id.* at 141.  Claims alleging illegal sentences based upon "lack of merger are reviewed for corrections of errors at law."  *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015).

## III.  Discussion

### A.  Claims and Issues Presented to the PCR Court

Tooson alleges the district court erred in failing to rule on each of his grounds for PCR by not making specific findings of fact and conclusions of law as to each ground.

Iowa Code section 822.7, in pertinent part, provides, "The Court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented."  Iowa Code § 822.7 (2013).  The Iowa Supreme Court has held "[d]espite the requirement of section 822.7 that the district court make specific findings of fact and conclusions of law as to each issue . . . substantial compliance is sufficient."  *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006).  Further, "[e]ven if the court does not respond to all of the applicant's allegations, the ruling is sufficient if it responds to all the issues raised."  *Id.* (quoting *State v. Allen*, 402 N.W.2d 438, 441 (Iowa 1987)); *see also Rheuport v. State*, 238 N.W.2d 770, 777 (Iowa 1976).

Tooson enumerates the fourteen grounds for relief he asserts the trial court did not rule on in the PCR order.  The alleged grounds include a violation of the attorney-client privilege; a failure to raise grounds of ineffective assistance of counsel, abuse of the trial court's discretion in submitting an incorrect jury

instruction; the abuse of the trial court's discretion in failing to completely investigate possible jury misconduct; the abuse of the trial court's discretion in not properly applying the "balancing test"; the abuse of discretion for the judge failing to recuse herself from the new trial motion; juror misconduct by Franklin, Loftus, and another unknown juror; a *Brady*[1] violation for the prosecution's failure to comply with total discovery; a *Batson*[2] violation; the State presenting evidence obtained in violation of *Miranda*;[3] the State submitting false evidence; and the abuse of the trial court's discretion in failing to find jury misconduct. He alleges the court's order summarily dismissed these particular grounds and, as such, failed to comply with section 822.7. However, our review of this case shows that the district court "substantially complied" with section 822.7.

### 1. Violation of the Attorney-Client Privilege (Issue 1)

Tooson argued to the PCR court that he is entitled to relief based upon a violation of the attorney-client privilege whereby his former attorney, Metcalf, testified at Tooson's hearing on his motion for new trial. Tooson contends that the PCR court did not make a specific ruling on this claim.

On page three of the PCR order, the court denies the claim and explains that an objection to the testimony on the ground of privilege was sustained and that no violation of the privilege occurred during Metcalf's testimony.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] *Batson v. Kentucky*, 476 U.S. 79 (1986).
[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

### 2. Failure to Raise Grounds of Ineffective Assistance of Counsel (Issue 2)

Tooson averred that the PCR court did not rule on his claim counsel failed to raise grounds of ineffective assistance of counsel. Tooson made many arguments as to different claims all involving alleged ineffective assistance of counsel. The PCR court addressed each issue on pages four through nine of the PCR order. Moreover, on page nine, the court reiterates its findings by recapping that all of Tooson's ineffective-assistance claims were denied except as to the claim regarding the jury instruction.

### 3. Jury Instruction (Issue 3)

Tooson argued to the PCR court that jury instruction number thirty-three was an improper statement of the law and his trial counsel's failure to object to it amounted to ineffective assistance. The PCR court agreed with Tooson and found that his counsel were ineffective for failing to object to the instruction. The court then vacated the conviction (assault while participating in a felony). Tooson asserts that the PCR court did not make a specific ruling this claim.

On page six in paragraph "f" of the PCR order, the court explained the contents of jury instruction thirty-three and further explained why Tooson correctly asserted that it was an incorrect statement of law. Furthermore, the court ruled favorably for Tooson stating "prior counsel were ineffective for failing to raise this issue before the trial court and the appellate court" and his "conviction for assault while participating in a felony must be vacated." Moreover, on page nine of the order, that court states, "[p]etitioner's claim of ineffective assistance of counsel based upon the submission of Count II charging

the defendant [with] Assault While Participating in a Felony is hereby granted. Defendant's conviction and sentence upon said count is hereby vacated."

### 4. Trial Judge Abused Discretion by Not Applying the "Balancing Test" (Issue 5)

Tooson argued that the trial judge abused discretion by not applying the balancing test. On page three of the PCR order, the court stated "any claims for postconviction relief based upon abuse of discretion by the trial judge . . . should be denied except as to a failure of either trial counsel or appellate counsel to raise these issues before the trial or appellate court." Moreover, Tooson's allegations are too general in nature to allow us to address them or preserve them for a second postconviction proceeding. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (citation omitted); *Schertz v. State*, 380 N.W.2d 404, 412 (Iowa 1985).

### 5. Trial Judge Abused Discretion by Refusing to Recuse Herself (Issue 6)

Tooson claimed that the trial judge abused discretion by not recusing herself based on allegations that she relied upon past observations of the trial to dispute Tooson's new trial issues. On page three of the PCR order, the court stated "any claims for postconviction relief based upon abuse of discretion by the trial judge . . . should be denied except as to a failure of either trial counsel or appellate counsel to raise these issues before the trial or appellate court."

### 6. Jury Misconduct (Issues 4, 7, 8, 9, & 14)

Tooson next argued several points relating to potential jury misconduct. He first argued that the court abused its discretion in failing to completely

investigate the alleged juror misconduct and in failing to find that jury misconduct had in fact occurred. He also contended that Juror Franklin violated court admonishments and failed to reveal that he had prior knowledge of the case, Tooson, the victim, and both of their families. Further, he maintained that Juror Loftus failed to reveal that he had a relationship with counsel despite being asked. Finally, he asserted that an unknown juror never came forward after discussing and breaking the court's admonishments to reveal possible bias. Tooson argued that for these reasons, he was entitled to a new trial.

On page three of the PCR order, the court stated "any claims for postconviction relief based upon . . . jury misconduct . . . should be denied except as to a failure of either trial counsel or appellate counsel to raise these issues before the trial or appellate court." In discussing the ineffective-assistance issues the court explained on page six in paragraph "e" of the PCR order that information relating to a juror having prior knowledge of Tooson came to the attention of the trial judge. The court spoke with this juror outside the presence of other jurors and the court determined that this particular juror could be fair and impartial. Moreover, the court noted that there was "no evidence in this record to show that any counsel representing the petitioner was ineffective regarding this issue."

### 7. Prosecutorial Misconduct (Issues 10, 11, 12, & 13)

Tooson further contended that he is entitled to PCR based upon several allegations of prosecutorial misconduct. He argued that prosecutors violated *Brady* by failing to comply with total discovery and asserted that prosecutors committed a *Batson* challenge by providing a racially-charged reason for

dismissing a potential juror. He also claimed that prosecutors "subjected him to evidence and attempted to elicit information from the Defendant without counsel present and introduce that information at trial" and that the prosecution introduced false evidence by offering Exhibit L (phone records) at trial.

On page three of the PCR order, the court stated, "any claims for postconviction relief based upon . . . prosecutorial misconduct . . . should be denied except as to a failure of either trial counsel or appellate counsel to raise these issues before the trial or appellate court." The PCR court also gave a lengthy explanation as to the issue concerning "Exhibit L" on pages four through six.

As to all fourteen issues discussed above, we are satisfied that the PCR court substantially complied with section 822.7 and adequately addressed every one of Tooson's claims. While it is true that the district court did not describe each ground exactly as Tooson did in his PCR application and amendment, the *Gamble*[4] decision and section 822.7 do not require a particular form or format be used by the court discussing its findings of fact and conclusions of law. All that is required is substantial compliance with section 822.7 and a ruling that sufficiently responds to all of the issues raised.

## B. Ineffective-Assistance Claim against PCR Counsel

Tooson argues he received ineffective assistance from his PCR counsel. He contends PCR counsel failed to adequately argue all thirty-four of his claims to the court, to argue the merger doctrine, to amend Tooson's PCR application to include additional claims of ineffective assistance, and to inform Tooson of the

---

[4] *Gamble*, 723 N.W.2d at 446.

consequences of failing to amend his PCR application. Additionally, Tooson contends that his PCR counsel was ineffective in his presentation of evidence at the PCR hearing, leading the district court to conclude that many of Tooson's claims lacked evidentiary support.

To prevail on this claim, Tooson "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In doing so, Tooson "must ultimately show that his attorney's performance fell outside a normal range of competency and that the deficient performance so prejudiced him as to give rise to the reasonable probability, but for counsel's errors, the result of the proceeding would have been different." *See Dunbar*, 515 N.W.2d at 15 (quoting *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992)). "Improvident trial strategy, miscalculated tactics, mistakes, carelessness or inexperience do not necessarily amount to ineffective counsel." *Aldape v. State*, 307 N.W.2d 32, 42 (Iowa 1981).

The crux of Tooson's claim is his dissatisfaction with his PCR counsel's performance. Tooson's frustration seemingly comes from his PCR counsel's failure to argue certain claims and present evidence at the hearing in a manner acceptable to Tooson. However, his contention is not grounded in legal authority.

It is well-established that an attorney cannot ethically file and argue claims that are frivolous or lacking in legal or factual support regardless of a client's urging. *See Gamble*, 723 N.W.2d at 446. Moreover, Iowa Rule of Civil Procedure 1.413(1) requires attorneys to certify that any claim made must be "well grounded in fact and is warranted by existing law or a good faith argument

for the extension, modification, or reversal of existing law." There is no duty of an attorney to advance claims for a client that the lawyer does not believe are well-grounded in fact and warranted by existing law.

Tooson had the opportunity to advance his claims. *See Jones v. State*, 731 N.W.2d 388, 391 (Iowa 2007). "A PCR applicant who is dissatisfied with his attorney's representation is permitted to raise issues pro se and file papers and pleadings pro se." *Id.* at 391 (citation omitted).

Because Tooson's PCR counsel had no duty to advance every claim urged by Tooson, Tooson cannot satisfy the elements for a showing of ineffective assistance. *See Strickland*, 466 U.S. at 687 (stating that there is no reason for a court considering an ineffective-assistance claim to consider both elements if the defendant cannot sufficiently show one element).

## C. Tooson's Pro-Se Claims

In his pro se brief, Tooson raises a number of issues predicated on a finding of ineffective assistance of counsel or the district court abusing its discretion.

### 1. Illegality of Sentence

Tooson alleges that his sentence is illegal as it is not authorized by law and as such is beyond the power of the court to impose. "An illegal sentence is one that is not permitted by statute [and] [b]ecause an illegal sentence is void, it can be corrected at any time." *State v. Kress*, 636 N.W.2d 12, 17 (Iowa 2001) (citations omitted).

Tooson's assertion that his sentence is illegal is void of any factual or legal support. Iowa Rule of Appellate Procedure 6.903(2)(g)(3) requires that

appellant's contentions and the reasons for those contentions be supported with citation to the legal authority relied on and reference to relevant sections of the record. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3). As a general rule, "we will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments." *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996). In most cases the appellant's "random mention of an issue, without analysis, argument or supporting authority is insufficient to prompt an appellate court's consideration." *State v. Mann*, 602 N.W.2d 785, 788 n.1 (Iowa 1999). Therefore, we decline to consider this issue.

## 2. Admission of Statements Allegedly Obtained in Violation of *Miranda*

Tooson avers that his previous counsel was ineffective for failing to raise a *Miranda* violation in the admission of statements made by him to an investigator with the police department during the State's case-in-chief.

While statements obtained in violation of *Miranda* are "inadmissible for proving guilt . . . they may be used to attack a defendant's credibility if he testifies." *State v. Schaffer*, 524 N.W.2d 453, 457 (Iowa Ct. App. 1994) (citing *State v. Tryon*, 431 N.W.2d 11, 17 (Iowa Ct. App 1988)). In this case, Tooson chose to testify on his own behalf and expressed his decision to do so before the court admitted these particular statements as rebuttal evidence.

Tooson has not presented to us any evidence of how he was prejudiced by the admission of the statements and, therefore, cannot sustain his claim of

ineffective assistance of counsel as to any of his counsel (trial, appellate, or PCR). *See Strickland*, 466 U.S. at 669.

### 3. Failure to Grant New Trial

In his next argument, Tooson presents to us the jury instruction offered to the PCR court with the attendant explanation as to why the instruction itself was improper. He further contends his counsel performed deficiently in failing to object to the instruction at trial. The PCR court agreed with this contention and vacated the conviction and sentence to which that instruction applied. Tooson now argues for further relief, namely a new trial. Because Tooson has already received a vacated conviction, we decline to consider this issue further.

### 4. Merging of Offenses

Next, Tooson argues that his conviction for simple assault should merge with the conviction for second-degree sexual abuse. Assault was charged separately in the trial information, and the jury found Tooson guilty of both sexual abuse and assault. Tooson has not argued the facts or the law of this issue. We do not address it.

### 5. Inconsistent Verdicts

Tooson further argues that his previous counsel was ineffective for failing to raise an issue of inconsistent verdicts. This argument is premised upon Tooson being convicted of second-degree sexual abuse[5] in count I, simple assault[6] on count III, but being acquitted of carrying weapons[7] in count IV.

---

[5] Iowa Code § 709.3.
[6] Iowa Code §§ 708.1, 708.2.
[7] Iowa Code § 708.3.

Second-degree sexual abuse has no requirement that the defendant use a weapon during the commission of the sexual assault; the applicable subsection only requires "the person displays in a threatening manner a dangerous weapon, *or* uses or threatens to use force creating a substantial risk of death or serious injury to any person." Iowa Code § 709.3 (emphasis added). Tooson's conviction of second-degree sexual abuse was not dependent upon a conviction of a weapons charge. Therefore, even if Tooson's counsel had raised the issue of inconsistent verdicts, the argument would have failed. We decline to find ineffective assistance of counsel as it pertains to this issue.

### 6. Violation of Due Process Rights and Insufficiency of the Evidence

Tooson alleges violations of his due process rights and insufficient evidence to support his convictions. However, he does not provide any legal or factual support to these contentions.[8] Accordingly, we decline to consider these issues.

### 7. Alleged Juror Biases

Tooson next argues the district court abused its discretion by failing to rule counsel was ineffective for failing to adequately raise the issue of jury bias. However, Tooson has not presented any evidence as to how he was prejudiced by counsel's failure to adequately raise the issue or that there was a reasonable probability of a different outcome but for counsel's deficient performance. *See Strickland*, 466 U.S. at 669; *State v. Reynolds*, 746 N.W.2d 837, 845 (Iowa

---

[8] *See* Mann, 602 N.W.2d at 788 n.1.

2008). Because Tooson has not met his burden here, we decline to find ineffective assistance of counsel as to this issue.

### 8. Failing to Rule on Each of Tooson's Grounds for PCR

As explained at length in section A above, we hold that the PCR court did rule on each and every one of Tooson's issues and claims by substantially complying with section 822.7 and *Gamble*.[9]

### 9. Judgment Notwithstanding the Verdict and Motion for New Trial

Tooson argues that his counsel was ineffective for failing to file motions for judgment notwithstanding the verdict and for new trial. He further contends that the district court failed to rule specifically on the issue concerning the judgment notwithstanding the verdict. Again, Tooson has not presented any evidence as to how he was prejudiced by counsel's failure to adequately raise the issue nor that there was a reasonable probability of a different outcome but for counsel's deficient performance. *See Strickland*, 466 U.S. at 669; *Reynolds*, 746 N.W.2d at 845. Because Tooson has not met his burden here, we decline to find ineffective assistance of counsel as to this issue. We additionally find that the PCR court did substantially comply in addressing and ruling on this issue on pages three, six, seven, and nine of the PCR order.

---

[9] *Gamble*, 723 N.W.2d at 446.

**10. Ineffectiveness of PCR Counsel for Failing to Amend or Advise Tooson to Amend Claims for PCR and To Add Claims Regarding Confrontation Clause and *Watson* issues**

Tooson also argues that his PCR counsel was ineffective for failing to amend or advise him to amend his claims for PCR. He contends that many issues he wished to raise at different phases of his case were impeded by ineffective assistance. He also alleges that the PCR court's failure to rule on the alleged fourteen grounds discussed herein was a consequence of the ineffective assistance he received from his trial counsel and appellate counsel. He further contends his PCR counsel was ineffective for failing to amend his PCR application to include a "prior-bad-acts" issue stemming from his direct appeal.[10] Finally, Tooson alleges his PCR counsel was ineffective when he questioned Tooson's trial counsel about a Confrontation Clause violation and misapplication of the *Watson*[11] standard yet did not amend Tooson's PCR application to include those allegations. He claims "the record clearly shows the ineffectiveness of postconviction counsel by his advancing these issues without properly presenting them under the appropriate preservation and supporting exhibits."

When a defendant is unsatisfied with his attorney's representation, "it is not enough to simply claim that counsel should have done a better job." *Dunbar*, 515 N.W.2d at 15 (citation omitted). The defendant "must state the specific ways in which counsel's performance was inadequate and identify how competent representation probably would have changed the outcome." *Id*.

---

[10] *State v. Tooson*, No. 06-1567, 2007 WL 4197305, at *1, *3 (Iowa Ct. App Nov. 29, 2007).

[11] *State v. Watson*, 620 N.W.2d 233, 237-38 (Iowa 2000).

Here, Tooson has made many allegations that certain claims were not raised at all, that some claims were raised too late, and that counsel failed to advise him to amend or to have counsel amend court filings. Tooson's allegations are too general in nature to allow us to address them or preserve them for a second postconviction proceeding. *See Id.*; *Schertz*, 380 N.W.2d at 412. Moreover, even if Tooson's allegations had been sufficiently specific, he failed to provide us with any evidence of how it would have affected the outcome of his case.

**AFFIRMED.**