# IN THE COURT OF APPEALS OF IOWA

No. 15-2187
Filed January 11, 2017

**KING P. FLOWERS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.

The applicant appeals the district court's denial of his application for

postconviction relief from his conviction for possession of a firearm as a felon.

**AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

King Flowers was found guilty of possession of a firearm as a convicted felon on May 6, 2013, in violation of Iowa Code section 724.26 (2013). Flowers filed an application for postconviction relief on August 28, 2014, and amended the application on December 3, 2014, and July 6, 2015. In a separate motion, Flowers sought to have counsel removed. The district court denied Flowers's motion to remove counsel. A hearing was held on the application for postconviction relief, which application was denied on November 23. During the hearing, the district court again refused to allow Flowers to proceed pro se.

Flowers appeals the district court's denial of his ability to act pro se during the postconviction hearing. He also claims the ruling resulted in a denial of his Sixth Amendment right of self-representation and his postconviction counsel was ineffective for failing to pursue his motion to remove counsel.

"We ordinarily review postconviction relief proceedings for errors at law." *Love v. State*, 543 N.W.2d 621, 623 (Iowa Ct. App. 1995) (citations omitted). Claims of ineffective assistance of counsel are reviewed de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective assistance and prejudice." *Id.* at 142.

Our supreme court has held the district court has "discretion to deny a postconviction relief applicant's request to dispense with counsel." *Leonard v. State*, 461 N.W.2d 465, 468 (Iowa 1990). Additionally, "the sixth amendment applies only to criminal prosecutions and so has no application to postconviction relief proceedings." *Id.* (citing *State v. Wright*, 456 N.W.2d 661, 664-65 (Iowa

1990)).  Therefore, Flowers's claim his constitutional right to represent himself was violated fails as that right did not apply to the current case.  Similarly, Flowers's counsel at his postconviction hearing could not have been ineffective as "[c]ounsel cannot fail to perform an essential duty by merely failing to make a meritless objection."  *See State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). Pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e), we affirm the district court.

**AFFIRMED.**