# IN THE COURT OF APPEALS OF IOWA

No. 17-0436
Filed April 4, 2018

**JEREMIAH CLARENCE JOHNSON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Butler County, Christopher C. Foy, Judge.

The applicant appeals the denial of his second application for postconviction relief. **AFFIRMED.**

Dylan J. Thomas, Mason City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Jeremiah Johnson appeals the denial of his second application for postconviction relief (PCR).

In 2009, Johnson was convicted of first-degree kidnapping; he was sentenced to life in prison. Johnson filed a direct appeal of his conviction, and a panel of our court affirmed in *State v. Johnson*, No. 09-1776, 2010 WL 5050573, at *4 (Iowa Ct. App. Dec. 8, 2010). Procedendo issued on February 15, 2011.

After an unsuccessful bid in his first application for PCR, Johnson filed his present application for PCR in October 2015. In this application, Johnson alleged both his trial and direct-appeal counsel were ineffective for failing to challenge the jury instructions as defective because they defined kidnapping without including the necessary "intensifiers"—that the confinement in a kidnapping "substantially" increased the risk of harm, "significantly" lessened the risk of detection, or "significantly" facilitated escape. *See State v. Robinson*, 859 N.W.2d 464, 476 (Iowa 2015). He also claimed his trial counsel and direct-appeal counsel were ineffective for failing to challenge defects in the trial information, namely that the trial information did not allege all the elements of kidnapping and did not provide sufficient factual particulars of the crime to enable Johnson to prepare a defense.

In response, the State filed a motion to dismiss Johnson's second application, claiming it was time-barred by the three-year statute of limitations in Iowa Code section 822.3 (2015) and his claims did not fall within the possible exception.

During a short PCR hearing on the record, Johnson's counsel told the court he would waive the presentation of any oral argument and would instead submit a

written brief; the court assented. Johnson, who participated in the hearing via telephone, was asked if there was "anything that [he] would like to state for the record," and he declined.

In his written brief, PCR counsel raised and argued only Johnson's first claim—that previous counsel had been ineffective for failing to challenge the jury instructions. No mention was made of Johnson's argument about the allegedly inadequate trial information.

The PCR court denied Johnson's application. Ruling only on the issue briefed by PCR counsel, the court determined that Johnson's claim about the "intensifiers" was not based on a ground of fact or law that could not have been raised within three years from the issuance of procedendo because the 2015 *Robinson* case only "confirmed and clarified existing law on what the State must prove to support a conviction for kidnapping, as previously set out in the case of *State v. Rich*, 305 N.W.2d 739, 745 (Iowa 1981)."

Now, on appeal, Johnson maintains the PCR court erred in its determination that *Robinson* did not announce a new rule of law. As we have done before, we reject the claim that *Robinson* set forth new law. *See, e.g.*, *Jackson v.* State, No. 17-0153, 2018 WL 739277, at *2 (Iowa Ct. App. Feb. 7, 2018); *Brandes v. State*, No. 17-0128, 2017 WL 6517176, at *1 (Iowa Ct. App. Dec. 20, 2017); *Hampton v. State*, No. 15-1802, 2016 WL 2713451, at *1 (Iowa Ct. App. May 11, 2016). Thus, we agree with the PCR court that Johnson's claim was untimely, as it could have been raised within the three-year statute of limitations. *See* Iowa Code § 822.3 ("All . . . applications must be filed within three years from the date . . . the writ of procedendo is issued.").

Also, Johnsons maintains PCR counsel was ineffective for failing to ensure that Johnson's pro se claim about the inadequacy of the trial information be litigated and adjudicated by the PCR court. "To prevail on a claim of ineffective assistance, the applicant most demonstrate both ineffective assistance and prejudice." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Id.*

While all claims raised by PCR applicants "demand full consideration," *see Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006), Johnson has not established that he was prejudiced by the court's failure to explicitly consider his claim. It appears that Johnson's claim about the trial information would also be time-barred, as it was not raised within the three-year window after procedendo issued, and Johnson has not provided any new or changed case law to support a finding that the claim would fall into the statute-of-limitations exception. Thus, although the PCR court should have considered Johnson's pro se claim, if it had, it would have determined it too was time-barred.

We affirm.

**AFFIRMED.**