# IN THE COURT OF APPEALS OF IOWA

No. 18-1485
Filed February 3, 2021

**BRANDON HATCHETT,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly,

Judge.


　　Brandon Hatchett appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**



　　Jeffrey M. Beatty, Cedar Rapids, for appellant.

　　Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.



　　Considered by Bower, C.J., Vaitheswaran, J., and Potterfield, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**BOWER, Chief Judge.**

Brandon Hatchett appeals the dismissal of his application for postconviction relief (PCR), contending the district court erred in allowing his appointed counsel to withdraw and him to proceed pro se. Because the court did not abuse its discretion in allowing Hatchett to represent himself, we affirm.

Hatchett is challenging his underlying 2007 guilty pleas.[1] On March 23, 2017, Hatchett filed an application for appointment of counsel, which was granted, and counsel was appointed on March 30. Counsel filed his appearance on May 16. A trial scheduling conference was to be held on August 8. Trial was set for July 25, 2018.

Hatchett filed a number of pro se filings in March and April 2018. One filing was entitled, "Motion to: Fire My Lawyer." The court ordered the filings uploaded onto the electronic filing system, noted it was unclear whether Hatchett's appointed counsel was aware of the filings, and directed appointed counsel to review the filings and contact the client.

Counsel filed a report with the court on May 12, noting he had met with Hatchett and stating, in part: "The undersigned repeatedly asked [Hatchett] if he wishes the undersigned to continue to represent him and [Hatchett] repeatedly confirmed that he wanted the undersigned to continue to represent him in this proceeding."

---

[1] Hatchett did not appeal his convictions and sentences.

On May 24, Hatchett filed another handwritten pro se filing entitled "Petition/Motion to: Correct or Acknowledge" and states he was not seeking new counsel. "I asked to remove counsel so, I can go pro-se."

On June 8, the district court noted it was in receipt of the Hatchett's "motion to correct the understanding of his previous motion for new counsel" and counsel's filing,

> stating that when he spoke with [Hatchett], he was informed that the Motion was not written by [Hatchett] and that he did not say any of the things alleged in that Motion and did not wish his counsel to be removed. Further, it appears from a review of the various filings from [Hatchett] that the handwriting in the body of the motion differs substantially from the signature. As a result of the contradictory filings and the indications that [Hatchett] may not have written the motions filed with the court, it is uncertain to the court what [Hatchett] actually requests.

Consequently, the court directed court-appointed counsel to speak with Hatchett:

> to confirm whether [Hatchett] wishes him to withdraw and explain to him the obligations and responsibilities that will come with representing himself pro se, including that [Hatchett] will be required to comply with the applicable procedural, evidentiary, and EDMS standards required of all counsel and parties. Counsel is then directed to either (1) file his motion to withdraw, confirming [Hatchett's] desire to represent himself, or (2) file a statement that [Hatchett] does not wish to represent himself. [Hatchett] may also file his own statement confirming or denying his request to represent himself in this matter.

On June 15, counsel filed a motion to withdraw, acknowledging the court's direction, stating Hatchett had since filed an ethics complaint against him and:

> 5. The undersigned, through an assistant, conferred with [Hatchett] on June 15, 2018 at approximately 2:15 P.M. [Hatchett] confirmed that he wants to proceed pro se and that he **DOES NOT** want the undersigned to represent him on this PCR application nor does he want any other attorney to represent him on this PCR application. . . .

6. [Hatchett] was advised that he will be required to comply with all procedural, evidentiary and EDMS standards if the court grants his request to proceed pro se.

Counsel was allowed to withdraw by order dated June 18, and Hatchett proceeded pro se. On July 29, he failed to appear for scheduled trial. Trial was then reset to September 6.

On August 10, Hatchett filed a statement saying he wished to file a brief and have the court rule on it. He expressed that he did not want a PCR. hearing. The court entered an order in which Hatchett "is informed that he is welcome to submit a brief in preparation for the trial date and it will be considered together with the evidence or arguments presented at trial."

On August 27, Hatchett filed a request for a hearing on his application.

Trial was held on September 6 with Hatchett appearing via telephone from the Iowa Medical Classification Center. Hatchett stated he was prepared to proceed and cited three cases but offered no evidence. He stated, "I'd like for you to rule on my pro se motions."

The State moved to dismiss with prejudice, stating:

[T]he State is unable to respond to [Hatchett's] motion in an effective manner based upon the fact that there is no information as to why he believes there is an illegal sentence, why he believes *State v. Schmidt* should apply; and if the court were to consider ineffective assistance of counsel aside from the statute of limitations, why counsel was ineffective.

On September 7, the district court issued its ruling, which provides in part:

Thus, before the court at the time of trial on this date is [Hatchett]'s initial Application dated March 23, 2017, his Motion to Correct Illegal Sentence dated March 21, 2018, which has been construed only as supportive of his original application in this matter, and his Motion to Amend filed on July 23, 2018. At trial, [Hatchett] presented no evidence, no testimony and no exhibits in support of

> any of his claims or filings. Rather, he provided very brief argument citing three cases: (1) *Brady v. Maryland* (presumably consistent with his allegation that there exists some form of nanny cam footage or other evidence that would have been exculpatory evidence not disclosed to him during his criminal prosecution), (2) citing *Schmidt v. State*, 909 N.W.2d 778 (2018)[,] relative to his "innocence claim" of which he provided the State no notice prior to today's trial, and (3) citing *Wilkins v. State*, 522 N.W.2d 822 (Iowa 1994)[,] presumably in support of his ineffective assistance of counsel claim.
>
> . . . .
>
> At this time, the court finds fatal to all of [Hatchett]'s claims the fact that he chose not to present any evidence of any kind with regard to any of them. Not only did [Hatchett] not provide testimony of witnesses to support any of his claims, he himself made the decision not to testify in support of his claims. Further, he presented not a single document, file, transcript or exhibit to support any of his claims outlined in any of his applications, motions and other filings in this matter. Because [Hatchett]'s evidence fails, the court finds that so too must his claims fail herein.

On appeal, Hatchett argues the court erred in allowing him to proceed pro se. Hatchett asserts Iowa courts "should recognize the same right to counsel in postconviction proceedings as traditionally recognized in criminal proceedings" and require "a formal colloquy or other on-the-record proceeding . . . prior to permitting an applicant to proceed pro se to PCR trial."

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Goosman v. State*, 764 N.W.2d 539, 541 (Iowa 2009).

Hatchett asserts article I, sections 9 and 10 of the Iowa Constitution prohibit "the deprivation of liberty without due process of law and ensur[es] the right to counsel during post-conviction proceedings, including trial." He then builds on this premise and asserts a right to self-representation requires "[a] searching or formal inquiry," as in criminal proceedings.

In criminal proceedings, a defendant has a constitutional right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975); *State v. Cooley,* 608 N.W.2d 9, 14 (Iowa 2000). The United States Supreme Court has stated that "[t]he Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta*, 422 U.S. at 819. "Unlike the Sixth Amendment right to counsel, which is in effect until waived, the right of self-representation is not effective until asserted." *State v. Rater*, 568 N.W.2d 655, 658 (Iowa 1997) (citation omitted). Before the right to self-representation attaches, a defendant must voluntarily, clearly, and unequivocally elect to proceed without counsel. *See id.* Thus, in the criminal context, the district court has an obligation to make the defendant "aware of the dangers and disadvantages of self-representation." *Id.* (quoting *Faretta*, 422 U.S. at 835).

"[T]he United States Supreme Court has not recognized a constitutional right to PCR counsel." *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018). And the Iowa courts "have not yet recognized a right to PCR counsel under the Iowa Constitution. Instead, we have utilized the statutory right to postconviction counsel when an applicant presents a cognizable claim." *Id.*

In *Leonard v. State*, our supreme addressed an applicant's claim that the statutory right to counsel "implies a correlative right to dispense with counsel in a [PCR] proceeding." 461 N.W.2d 465, 467 (Iowa 1990). The court, however, concluded "that appointment of counsel for a [PCR] applicant rests in the sound discretion of the district court." *Id.*

The question before us then is whether the court abused its discretion when it granted Hatchett's request to proceed without counsel without conducting a colloquy required by the Sixth Amendment. We must determine whether the court's decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020) (citation omitted).

Here, Hatchett informed the court he wanted to proceed pro se. Prior to allowing Hatchett's counsel to withdraw, the district court ordered counsel to confer with Hatchett and "explain to him the obligations and responsibilities that will come with representing himself pro se, including that Applicant will be required to comply with the applicable procedural, evidentiary, and EDMS standards required of all counsel and parties." Counsel reported he had done so, and counsel was allowed to withdraw. Hatchett did not make any further request for the appointment of counsel and did not request counsel at the trial. Under these circumstances, we cannot conclude the district court abused its discretion in allowing Hatchett to represent himself.[2]

**AFFIRMED.**

---

[2] This court has observed, "There is no explicit reference in the [PCR] statutes to the imposition of a duty on the district court to engage in a colloquy with an applicant who has chosen to represent herself." *Wise v. State*, No. 02-1866, 2005 WL 723870, at *2 (Iowa Ct. App. Mar. 31, 2005). We did not, however, address "whether the [PCR] statutes cited require a colloquy before allowing one who has qualified as an indigent to proceed without legal representation in a [PCR] proceeding." *Id.* at *3.