## IN THE COURT OF APPEALS OF IOWA

No. 17-0620
Filed June 6, 2018

**QUINTEZE LATIKER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Dubuque County, Bradley J. Harris,

Judge.

        Quinteze Latiker appeals the denial of his postconviction-relief application.

**AFFIRMED.**

        Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney

General, for appellee State.

        Considered by Danilson, C.J., and Mullins and McDonald, JJ.  Bower, J.,

takes no part.

**MULLINS, Judge.**

Quinteze Latiker appeals the denial of his postconviction-relief (PCR) application. He contends (1) the district court erred in denying relief on his claim that his trial attorneys were ineffective in failing to properly advise him of his confrontation rights before he waived them and thereafter failing to object to non in-person testimony at trial and (2) his PCR counsel's ineffectiveness in failing to present evidence and advocate for him at the PCR hearing amounted to structural error.

## I. Background Facts and Proceedings

Following a bench trial in 2010, Latiker was convicted of several drug charges. He appealed his convictions, raising a number of claims: (1) sufficiency of the evidence, (2) "his trial counsel was ineffective for not obtaining a ruling on the motion to dismiss for an alleged ninety-day speedy trial violation," (3) "his right to confront his accusers was violated," and (4) "his right to trial by jury was violated." *State v. Latiker*, No. 11-0923, 2012 WL 5356141, at *2–9 (Iowa Ct. App. Oct. 31, 2012), *further review denied* (Dec. 24, 2012). A panel of this court affirmed Latiker's convictions, concluding trial counsel was not ineffective as alleged, the evidence was sufficient to support the convictions, Latiker did not preserve error on his confrontation claim, and Latiker knowingly and voluntarily waived his right to a jury trial. *Id.*

In May 2013, Latiker filed a pro-se PCR application forwarding several claims.[1] In January 2014, Latiker filed a forty-nine-page pro-se brief in support of

---

[1] The claims in the initial PCR application included: (1) his conviction or sentence was unconstitutional, (2) newly discovered evidence existed, (3) his ninety-day speedy trial

his application, in which he raised the same and additional arguments.[2] In August 2014, the State moved to dismiss, contending Latiker's claims lacked specificity and were previously resolved on direct appeal. Thereafter, in June 2015, Latiker's counsel filed an amended PCR application.[3]

The State's motion to dismiss was heard in conjunction with the PCR trial in April 2017. At the commencement of the hearing, Latiker's counsel related "there are some claims that [Latiker] raises that I am not going to pursue." As to Latiker's claims relating to his right to a jury trial, counsel opined "that the prejudice caused by not having a jury trial is speculative at best." She additionally opined there was "no guarantee if [trial counsel] requested to reinstate the jury trial, that it would have been granted." As to trial counsel's performance at trial, PCR counsel stated she could not "point to anything that is deficient in the representation." On the confrontation issue, counsel stated "in order to get a continuance, Mr. Latiker waived that right" and the waiver was valid. As to the claims contained in the June 2015 amended application, PCR counsel concluded:

---

rights were violated, (4) his right to confront witnesses was violated, (5) "depo evidence not introduced," (6) "illegal chain of custody," (7) "attorney sick in trial," and (8) ineffective assistance of counsel.

[2] The claims in the support brief included: (1) unconstitutional search and seizure, (2) two separate claims his ninety-day speedy trial rights were violated, (3) his right against double jeopardy was violated, (4) the State violated his right to counsel by requesting a *Watson* hearing, (5) his counsel was ineffective in allowing him to waive his right to confrontation, (6) sufficiency of the evidence to support the convictions, (7) improper chain of custody, (8) abuse of discretion by the district court in a number of its rulings, (9) the State failed to take depositions, and (10) the State failed to file the information within the three-year statute of limitations contained in Iowa Code section 802.3.

[3] The amended application included claims that: (1) the conviction or sentence was unconstitutional; (2) newly discovered evidence existed; (3) his attorneys allowed his rights to a speedy trial, trial by jury, and confrontation to be violated; (4) his attorney's performance at trial was subpar; and (5) there was improper identification of the exhibits at the trial.

> I don't feel I can go forward on any . . . of them because I don't believe that I can prove the prejudice prong, and believe me, I've spent the last however long looking through everything very, very carefully. And so I had notified Mr. Latiker that I believe that we would lose on these issues [and] that he was free to raise the issues he wanted to raise.

The court allowed Latiker to express any issues he wanted to raise. Latiker, who was participating in the hearing telephonically, advised he did not want to participate, handed the phone to a correctional officer, and walked out of the office from where he was participating. Before the conclusion of the hearing, PCR counsel requested the court to consider the issues raised in Latiker's initial PCR application and his support brief.

In its subsequent ruling, the district court granted the State's motion to dismiss as to the claims considered on direct appeal concerning the alleged ninety-day speedy trial violation and sufficiency of the evidence. As to the remaining claims, the court determined:

> [T]o dismiss this application without any consideration of its merits or meaningful adversarial testing would constructively leave [Latiker] without counsel during this PCR proceeding[]. This would constitute structural error and render the entire [PCR] proceeding[] unreliable. . . . The court therefore determines that to avoid structural error, the state's motion to dismiss [the remaining claims] should be denied.

The court went on to conclude Latiker "filed a valid waiver of jury trial which clearly indicated that the withdrawal of the waiver . . . was not a matter of right but was left to the court's discretion"; "trial counsel was not ineffective in the handling of any speedy trial issue"; trial counsel was not ineffective in allowing witnesses to testify telephonically and Latiker waived his right to have witnesses testify personally and such decision may have been tactical; no evidence was presented

to support Latiker's claims his conviction or sentence was unconstitutional, newly discovered evidence existed, depositions were not properly introduced or not timely completed, and there was an improper chain of custody; no double-jeopardy issues were present; and no statute-of-limitations violation occurred. The court denied Latiker's application, and this appeal followed.

## II. Discussion

Latiker forwards claims of ineffectiveness of both trial and PCR counsel. We review ineffective-assistance-of-counsel claims de novo. *State v. Henderson*, 908 N.W.2d 868, 874 (Iowa 2018); *see Lado v. State*, 804 N.W.2d 248, 250–51 (Iowa 2011) (noting, although PCR applicants have a statutory, as opposed to constitutional, right to counsel in PCR proceedings, the same framework applies). Latiker must establish (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

### A. Ineffective Assistance of Trial Counsel

Latiker contends his trial attorneys were ineffective in failing to properly advise him of his confrontation rights before he waived them and thereafter failing to object to non in-person testimony at trial. The State responds that trial counsel was not ineffective, because Latiker was advised of his confrontation rights, which he waived to obtain a last-minute continuance. As noted in this court's ruling in Latiker's direct appeal, Latiker did not preserve error on his confrontation claim.

*Latiker*, 2012 WL 5356141, at *8. However, "[i]neffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules." *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

Latiker was charged with the underlying crimes in February 2009. After he was apprehended, he was arraigned on August 21, pleading not guilty and demanding a speedy trial. Trial was scheduled for September 1. At a pretrial conference the day before trial, Latiker requested a continuance, and the court continued the trial to October 13. On September 4, the State moved for a *Watson*[4] hearing and to expedite the trial; these matters were set for hearing on September 24, but the hearing was continued to October 19 to allow Latiker's attorney an opportunity to further discuss the *Watson* issue with his client. On September 30, Latiker filed two motions to dismiss on statute-of-limitations and speedy-trial grounds. The court ordered the motions to be considered at the time of the previously scheduled October 19 hearing.

In the meantime, the trial was still scheduled to commence on October 13. A pretrial conference was held on October 9, during which the State advised the court the *Watson* issue had yet to be resolved and Latiker was still requesting a speedy trial. The district court found good cause to continue the trial, concluding Latiker's insistence on having a particular attorney involved is what caused the *Watson* issue and resulting delay. The trial was reset for October 27. On October 21, the district court ruled on the *Watson* issue, finding Latiker's attorney's interests

---

[4] *See State v. Watson*, 620 N.W.2d 233, 242 (Iowa 2000) (holding a district court is obligated to hold a hearing on the appropriateness of a defendant's representation when there could be a conflict of interest).

were conflicted, and therefore removing him from the case. At the subsequent pretrial conference on October 23, Latiker moved to continue the trial and requested it be rescheduled for November 17. The State resisted, noting Latiker had yet to waive speedy trial and the State had been housing multiple witnesses from federal prison for several months. The court granted Latiker's request for a continuance and rescheduled the trial for November 17.

On November 13, Latiker expressly waived his right to a speedy trial, moved to extend the time for filing pretrial motions, and applied for the taking of depositions at State expense. On November 16, upon Latiker's request, the court continued the trial to December 15. On the day of trial, Latiker waived his right to a jury trial and requested that trial be continued. In response to the State's resistance, Latiker additionally agreed the State's witnesses who were incarcerated at the time could testify at trial by telephone rather than personally appearing. The record reveals Latiker was advised on the record of his right to confront the witnesses against him and agreed to waive said right insofar as it required personal presence of the witnesses, provided that he would be allowed to be present by telephone to hear any questioning and testimony of said witnesses and his attorney would be allowed to cross examine the witnesses. Based upon this agreement, the State did not resist Latiker's request for a continuance. Thereafter, Latiker secured a number of other continuances before the matter finally went to trial in August 2010.

The argument on appeal is that trial counsel was initially ineffective in failing to advise Latiker of his confrontation rights and, thereafter, counsel was ineffective in failing to object to the resulting non in-person testimony. But the record reveals

Latiker was advised of his right to in-person confrontation, yet decided to waive said right in return for the State's acquiescence to yet another trial continuance. Having waived his right to in-person confrontation, we find trial counsel was under no duty to object to the telephonic testimony of the witnesses at trial. As such, trial counsel did not fail to perform an essential duty, the establishment of which is a necessary element of Latiker's ineffective-assistance claim. We affirm the district court's denial of relief on this claim.

B.      Ineffective Assistance of PCR Counsel and Structural Error

Latiker simply asserts PCR counsel "committed structural error by failing to present evidence at [his PCR] hearing and by further indicating to the court that she believed her client's claims were without merit." The supreme court has recognized structural error occurs when:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado*, 804 N.W.2d at 252.

We acknowledge that PCR counsel stated to the court she had investigated Latiker's claims and she concluded she could not pursue them because she "believe[d] that we would lose on these issues," but that Latiker could continue with his claims. Latiker relies on our supreme court's decision in *Gamble v. State*, 723 N.W.2d 443 (Iowa 2006), to support his argument that counsel's advisement to the court of her conclusion amounted to structural error. We recognize that *Gamble* instructs that, even when PCR counsel determines ethical considerations prohibit

pursuing a claim, counsel should not "criticize or diminish their own client's case." But the problem in *Gamble* was that the district court relied on counsel's assessment of the validity of the applicant's claims in denying them without making its own individualized findings, and such was an abdication of the court's decision-making responsibility. *See* 723 N.W.2d at 445–46; *see also* Iowa Code § 822.7 ("The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented."). That was not the case here.

Specifically, the court recognized the potential structural-error issue, noting:

[T]o dismiss this application without any consideration of its merits or meaningful adversarial testing would constructively leave [Latiker] without counsel during this PCR proceeding[]. This would constitute structural error and render the entire [PCR] proceeding[] unreliable. . . . The court therefore determines that to avoid structural error, the state's motion to dismiss [the remaining claims] should be denied.

To the best of its ability, the court proceeded to consider and rule upon each of the remaining claims, all of which were somewhat confusing and incoherent, based on "all of the evidence," which included the underlying trial record, and "applicable law," rather than PCR counsel's assessment of the claims. Although not every particular allegation was ruled upon, the court generally addressed the issues raised, and Latiker does not complain the district court failed to consider any of the issues he presented. *See Gamble*, 723 N.W.2d at 446 ("Even if the court does not respond to all of the applicant's *allegations*, the ruling is sufficient if it responds to all the *issues* raised.").

Furthermore, the record indicates PCR counsel reviewed Latiker's case "very, very carefully," but was simply unable to identify any arguments or potential evidence that would entitle him to relief. Latiker, in this appeal, likewise fails to

point to any potential arguments or evidence PCR counsel could have placed before the court that might have changed the outcome of the case. Latiker only argues on appeal that he is entitled to relief on his confrontation claim, an argument which we rejected above.

Upon our de novo review, we conclude PCR counsel's representation did not amount to ineffective assistance of counsel or result in structural error.

## III.    Conclusion

Finding neither trial nor PCR counsel provided ineffective assistance, we affirm the district court's denial of Latiker's PCR application.

**AFFIRMED.**