# IN THE COURT OF APPEALS OF IOWA

No. 18-0484
Filed June 5, 2019

**ADAM BLOMDAHL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Pottawattamie County, Jeffrey L. Larson, Judge.

Adam Blomdahl appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Marti D. Nerenstone, Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

Adam Blomdahl appeals from the denial of his application for postconviction relief (PCR). On our de novo review, we conclude Blomdahl's claims of ineffective assistance of counsel fail and, therefore, affirm.

**I. Background Facts and Proceedings.**

We previously summarized the facts leading to Blomdahl's conviction for prostitution. *State v. Blomdahl*, No. 13-0521, 2014 WL 1234214, at *1 (Iowa Ct. App. Mar. 26, 2014). While Blomdahl's defense at trial was that he was simply looking for companionship and made no offer of money in exchange for sex, the evidence supported the following findings:

> In October 2012, Blomdahl responded to an escort ad placed on a website by the Council Bluffs Police Department as part of a sting operation. He called the number listed and spoke to a law enforcement officer who was acting as an escort named "Stacy." During the phone conversation, Blomdahl set up a half-hour appointment for the listed price of $150 and specified the sex acts he wanted to perform during the appointment. The next day, he met "Stacy" at a hotel room and again stated the sex acts he wanted to engage in. Blomdahl patted his pocket to indicate he had money and showed some of it.

*Id.* His conviction was upheld on appeal. *Id.* at *2.

Blomdahl then filed a PCR application, asserting trial counsel was ineffective in: (1) orally waiving Blomdahl's ninety-day speedy-trial right and exceeded his authority in doing so; (2) failing to conduct reasonable and necessary pretrial investigation; (3) failing to seek exclusion of trial exhibit 4 "(backpage.com escort listings from January 4–February 1, 2013) and related testimony and closing arguments about the exhibit for one or more of the following reasons: hearsay; improper foundation; irrelevant and immaterial to the

incident on October 10, 2012; unduly prejudicial; or improper propensity evidence"; (4) failing to seek exclusion of trial exhibit 10 (folder with backpage.com printouts from September–October 2012 and mapping) as it was seized during an improper search of his vehicle; (5) failing to seek exclusion of data seized from his cellphone because the search warrant was "based solely on an officer's unsigned affidavit and . . . referenced an incident on December 10, 2012"; (6) failing to object to trial exhibit 13 on grounds of hearsay, improper foundation, improper propensity evidence, and derivative evidence from an illegally issued search warrant for his cellphone; (7) failing to object on grounds the opinions lacked proper foundation to opinion testimony by Detective Greg Chase during direct examination by the State and in closing arguments concerning his expert opinions about what "incall" means in prostitution, the going rates for prostitutes, what websites "johns" use looking for prostitutes, differences between dating and escort websites, and that the undercover agent developed probable cause for a prostitution crime; (8) "failing to object to testimonial evidence at trial from Detective Greg Chase during re-direct examination by the State and in closing arguments concerning 'coded talk' used by prostitutes as beyond the scope of cross-examination and for lack of foundation for expert opinion"; (9) failing to object on grounds of lack of foundation to testimony by Special Agent Ashley Jones ("Stacy") concerning opinions as to what "incall" and "outcall" mean in prostitution; (10) "failing to object to testimonial evidence at trial from Detective Brian Hamilton and in closing arguments concerning his expert opinions about 'code talk' or 'code language' used in prostitution"; (11) failing to object to testimony of Detective

Brian Hamilton during direct examination and noted in closing arguments that Blomdahl "did not wish to speak with you during his interview" as a comment on the exercise of his right to remain silent; (12) stating in opening Blomdahl would testify and then not presenting his testimony; (13) failing to properly advise him concerning the no-inference-of-guilt jury instruction and ensuring there was a record on Blomdahl's decision; (14) failing to object to the prosecutor's statement in closing that the defendant's presumption of innocence is gone; and (15) failing to file and pursue an entrapment defense. He also asserted trial counsel's failings resulted in cumulative and structural error and appellate counsel was ineffective in not raising the issues.

The PCR court entered a ruling in which the court summarized Blomdahl's claims,[1] addressed the issues, and denied relief. With respect to Blomdahl's claim that counsel was ineffective in waiving his speedy-trial rights, the PCR court noted Blomdahl appeared in person and with his attorney on January 15, 2013, and waived the right to speedy trial. Further, even if defense counsel waived his right, Iowa law recognizes defense counsel has the authority to waive the right for the client.

The court found the seizure of Blomdahl's car was invalid, counsel should have filed a motion to suppress, and the evidence obtained searching the vehicle

---

[1] The court stated the issues as:

improper waiver of Blomdahl's speedy trial rights; failure to properly investigate; failure to seek suppression or exclusion of evidence from an illegal warrantless car search; failure to seek suppression or exclusion of evidence from an illegal cell phone search; failure to pursue an entrapment defense; failure to seek exclusion of evidence concerning irrelevant, immaterial and/or prejudicial propensity evidence; failure to obtain Blomdahl's consent for an no-inference-of-guilt instruction; and appellate counsel ineffectiveness.

should not have been presented at trial. However, the PCR court ruled Blomdahl failed to prove the result of the trial would have been different had the advertisements seized from Blomdahl's car not been entered into evidence because the State's case consisted of "primarily the undercover agent Blomdahl contacted with a request to purchase sex" and other law enforcement witnesses.

The PCR court determined there was no basis to challenge the search of Blomdahl's cell phone as it was conducted pursuant to a warrant and the alleged flaws in the application for a warrant constituted typographical errors, which would not affect its validity. Thus, counsel had no duty to object to the search of the cellphone.

The court also found counsel had no duty to raise an entrapment defense, stating, "While law enforcement clearly created an opportunity for Blomdahl to commit the crime, it was not entrapment. . . . [T]he following facts do not adequately demonstrate excessive incitement, urging, persuasion, or temptation by law enforcement agents as needed to prove entrapment or [require counsel to] object to the prosecutor's closing argument."

The PCR court addressed complaints about irrelevant or prejudicial evidence under subcategories. With respect to Blomdahl's allegations of improper self-incrimination and the presumption of innocence, the court rejected Blomdahl's complaints regarding the question, "Mr. Blomdahl did not wish to speak with you during his interview, is that correct?" The PCR court found "Detective Hamilton's statement was offered in response to a question concerning his role in the prostitution sting" and "Detective Hamilton testified that he was tasked with interviewing subjects after their arrest; but that he did not talk

with Blomdahl because he did not agree to speak with him." The court found the testimony "was not an impermissible comment on Blomdahl's Fifth Amendment right" and thus counsel was not ineffective in not objecting.

The court also found counsel was not ineffective in failing to object to the prosecutor stating during closing argument, "The trial is now in its final stages, and I submit to you that the presumption of innocence that Mr. Blomdahl had when we started today is gone . . . ." The PCR court noted a prosecutor may comment on inference and conclusions drawn from the evidence, the trial court instructed the jury counsel's arguments were not evidence, and instructed the jury the "defendant is presumed innocent unless the evidence establishes guilt beyond a reasonable doubt."

The court found trial counsel had a reasonable strategy for not objecting to officers' testimony as to "'coded talk' used by prostitutes and johns" since it allowed the defense to argue such coded language was complex and might not be understood by others. The court rejected his foundational complaints, finding the officers are permitted to provide expert testimony.

Concerning the backpage.com escort advertisements found in Blomdahl's car, the court found that the evidence was not inadmissible propensity evidence as it would be admissible to show Blomdahl's plan and preparation and thus counsel was not ineffective in failing to object on that basis.

The court then addressed the "no-inference-of-guilt" jury instruction. The PCR court acknowledged because there was no record indicating Blomdahl specifically requested the instruction, defense counsel should have objected to it.

But, the PCR court was "confident the jury would have returned the same verdict" had the instruction not been given.

Finally, the PCR court rejected Blomdahl's claims of cumulative error, finding there was no individualized error, and ineffective assistance of appellate counsel.

Blomdahl appeals.

## II. Scope and Standard of Review.

We review claims of ineffective assistance of counsel de novo. *State v. Albright*, 925 N.W.2d 144, 151 (Iowa 2019). "To prevail on a claim of ineffective assistance, the claimant must show *both* that counsel failed to perform an essential duty and that prejudice resulted." *Id.* (emphasis added) (citations omitted).

> There is a strong presumption that counsel's performance meets professional standards. To rebut this presumption defendant must present an affirmative factual basis establishing inadequate representation. . . .
> Moreover, the resultant prejudice must give rise to a reasonable probability the outcome of the proceeding would have been different had counsel not erred. We need not consider whether counsel did in fact abrogate a duty if no prejudice is evident.

*State v. Oetken*, 613 N.W.2d 679, 683–84 (Iowa 2000) (citations omitted).

## III. Discussion.

Blomdahl asserts (1) trial counsel failed in an essential duty in not filing a motion to suppress the search of his vehicle, (2) Blomdahl did not waive his speedy trial rights, (3) the prosecution committed "multiple acts of egregious prosecutorial conduct," (4) the trial court erred in giving the no-inference-of-guilt jury instruction, (5) the PCR court erred in failing to make specific findings of fact

and conclusions of law, and (6) defense counsel's performance constituted structural error or, in the alternative, ineffective assistance of counsel.

Blomdahl asserts trial counsel had a duty to object to the warrantless search of his car. The PCR court acknowledged as much. Yet, the PCR court found, even though the advertisements found in Blomdahl's car should have been the subject of a motion to suppress, Blomdahl had failed to show he was prejudiced by their admission. Trial counsel testified he did not object because Blomdahl was not denying he had visited the website but was looking for companionship. Yet, the undercover officer testified Blomdahl called her shortly after the online advertisement was posted, Blomdahl inquired into specific sex acts involved in half-hour and one-hour time frames, informed her what type of sex acts he was interested in, and arranged a time to meet. The next day, Blomdahl sent a text message to the agent prior to their arranged meeting stating he was excited to see her and had built-up sexual aggression he wanted to let out. The agent then testified Blomdahl arrived at the hotel, stated he was interested in specific sex acts, and showed money to her. Upon his arrest, he had no wallet or identification on his person but did have $150 in cash, which was the price listed in the advertisement and the price quoted by the agent for a one-half hour session. There is strong evidence of guilt without the advertisements found in the car, and Blomdahl has failed to prove prejudice. *See State v. Coleman*, 907 N.W.2d 124, 143 (Iowa 2018) (noting the evidence presented against the defendant was strong and error was not so pervasive as to deny him a fair trial); *see also State v. McCoy*, 692 N.W.2d 6, 25 (Iowa 2005)

(considering whether there is a reasonable probability the result of the trial would have been different if counsel had filed the meritorious motion to suppress).

Blomdahl states he asserted his right to a speedy trial. Nonetheless, "[d]efense counsel acting within the scope of his or her authority may waive this right on the defendant's behalf without the defendant's express consent." *State v. LeFlore*, 308.N.W.2d 39, 41 (Iowa 1981). "[S]peedy trial rights [can] be waived by continuance motions made by the defense, not merely those made by defendant." *State v. O'Connell*, 275 N.W.2d 197, 200 (Iowa 1979). The record shows counsel waived Blomdahl's speedy-trial rights.

We disagree with Blomdahl's characterization of the prosecutor's single statement in closing argument as improperly shifting the burden of proof. We are not persuaded counsel was ineffective in failing to object to the prosecution's statement. *See Coleman*, 907 N.W.2d at 143 (finding statements in closing were not so pervasive "as to represent a persistent effort on the part of the prosecutor to present prejudicial information to the jury" or "that the decision not to object resulted in prejudice"). Likewise, we also agree with the PCR court that the no-inference-of-guilt instruction did not prejudice Blomdahl.

Blomdahl further claims the PCR court erred in not making specific findings of fact and conclusions concerning "witness credibility, and trial counsel's unilateral abandonment during the trial of the agreed-upon entrapment defense, after raising it to the jury during opening statements" and that the court "glossed over multiple issues raised." As noted in *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006), "Despite the requirement of [Iowa Code] section 822.7 [(2015)] that the district court make specific findings of fact and conclusions of

law as to each issue, we have said that substantial compliance is sufficient. Even if the court does not respond to all of the applicant's *allegations*, the ruling is sufficient if it responds to all the *issues* raised." We have reviewed the application and the issues raised and conclude the PCR court substantially complied with section 822.7.

Blomdahl asserts on appeal trial counsel's performance was so deficient as to cause structural error. Iowa courts have recognized that prejudice is presumed when (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants. *State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008) (citing *United States v. Cronic*, 466 U.S. 648, 659 (1984)). Trial counsel was not completely denied. Blomdahl's counsel vigorously cross-examined the State's witnesses, challenging them on their procedure and expertise and the relevancy of their evidence. Blomdahl may wish counsel had done more. However, "[a] defendant is not entitled to perfect representation, rather representation which is within the normal range of competency." *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000).

Finally, Blomdahl contends, even if trial counsel's performance was not so deficient as to constitute structural error, cumulative errors established constitutionally deficient performance. When a claimant raises multiple claims of ineffective assistance of counsel, the cumulative prejudice from those individual

claims are to be assessed under the *Strickland* prejudice prong.[2]  *State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012).  The prejudice prong of the *Strickland* test requires the proponent of an ineffectiveness claim to show the probability of a different result undermines confidence in the outcome.  *State v. Maxwell*, 743 N.W.2d 185, 196 (Iowa 2008).  We find Blomdahl has failed to establish *Strickland* prejudice here.  Having failed to prove his ineffectiveness claims, we affirm the denial of Blomdahl's application for postconviction relief.

**AFFIRMED.**

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).