# IN THE COURT OF APPEALS OF IOWA

No. 21-0302
Filed June 15, 2022

**STEVEN RAY WYCOFF,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lee (North) County, John M. Wright,

Judge.


An applicant appeals the summary dismissal of his postconviction-relief

application. **AFFIRMED.**


R.E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee State.


Considered by Bower, C.J., and Schumacher, and Ahlers, JJ.

**SCHUMACHER, Judge.**

Steven Wycoff appeals the summary dismissal of his postconviction-relief (PCR) application. He contends PCR counsel was ineffective in pursuing his claims. Because Wycoff is unable to demonstrate prejudice, we affirm.

## I.      Background Facts and Proceedings

Wycoff was convicted of first-degree murder in 1976. His conviction was upheld on direct appeal. *See State v. Wycoff*, 255 N.W.2d 116, 119 (Iowa 1977). Over the next thirty-three years, Wycoff brought five PCR actions. Each was denied.[1]

Wycoff filed a pro se application, his sixth PCR, on April 17, 2019. He was appointed counsel the same day. In his application, Wycoff claimed ineffective assistance of trial counsel, appellate counsel, and his first PCR counsel. He claimed trial counsel, one of whom represented him on direct appeal, had a conflict of interest based on counsel's representation of a witness in an unrelated disciplinary proceeding. He also claimed trial and direct appeal counsel were ineffective based on extrinsic fraud by concealing the conflict. He claimed prosecutorial misconduct based on the prosecutor's cross-examination of a witness and failure to disclose certain information. Finally, he alleged actual innocence and that the judgment from his first PCR trial was void because it violated his due process rights.

---

[1] *See Wycoff v. State*, 382 N.W.2d 462, 473 (Iowa 1986); *Wycoff v. State*, No. 92-0786, 1993 WL 441669 (Iowa Aug. 2, 1993); *Wycoff v. State*, No. 99-0383, 2000 WL 701044, at *4 (Iowa Ct. App. May 31, 2000); *Wycoff v. State*, No. 07-0205, 2009 WL 1677246, at *2 (Iowa Ct. App. June 17, 2009); *Wycoff v. State*, No. 09-0362, 2010 WL 1379761, at *1 (Iowa Ct. App. Apr. 8, 2010).

Wycoff filed a pro se motion for partial summary disposition on his claims of ineffective assistance on May 23, 2019. The State resisted Wycoff's motion, and filed a competing motion for summary disposition on all claims.

Wycoff filed a motion to remove his counsel. The motion was granted and new counsel was appointed on September 26, 2019. The court provided Wycoff's new counsel 120 days to acquaint himself with the case, file "appropriate responses," and inform the court that he was ready to proceed. At an unreported status hearing on January 24, 2020, the court denied Wycoff's previously filed request for removal of his new counsel. The court ordered Wycoff's counsel to file a substitute motion for summary disposition within sixty days if counsel believed summary disposition was appropriate. The court similarly ordered the State to file a substituted motion after sixty days.

Wycoff's counsel did not file additional motions or responses. The State filed a substituted motion for summary disposition on January 12, 2021, arguing for summary disposition on all of Wycoff's claims. On February 8, the court granted the State's motion for summary judgment. Subsequently, Wycoff filed a motion pursuant to Iowa Rule of Civil Procedure 1.904 to amend or enlarge.[2] In his pro

---

[2] While Wycoff's case was pending, the legislature enacted an omnibus crime bill that prohibits represented PCR applicants from filing pro se supplemental documents in any PCR proceeding or subsequent appeal. In full, the new law provides:

> 1. An applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings.
> 2. This section does not prohibit an applicant for [PCR] from proceeding without the assistance of counsel.

se motion, he indicated that "[he] was instructed by my attorney of record . . . to file the attached" motion. The court denied the motion. Wycoff appeals, contending his PCR counsel was ineffective in pursuing his claims.

## II. Standard of Review

We generally review the denial of a PCR application for correction of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). "However, when the applicant asserts claims of a constitutional nature, our review is de novo. Thus, we review claims of ineffective assistance of counsel de novo." *Id.* (quoting *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001)).

To establish a claim of ineffective assistance of counsel, an applicant "must establish counsel breached a duty and prejudice resulted." *Id.* at 866 (citation omitted). "We may affirm the district court's rejection of an ineffective-assistance-of-counsel claim if either element is lacking." *Id.* (quoting *Anfinson v. State*, 758 N.W.2d 496, 499 (Iowa 2008)). For breach of duty, we began with the presumption that counsel performed competently, then measure their performance against prevailing professional norms. *Id.* For prejudice, the applicant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694).

---

3. A represented applicant for [PCR] may file a pro se motion seeking disqualification of counsel, which a court may grant upon a showing of good cause. Iowa Code § 822.3A (Supp. 2019).

## III.    Discussion

Wycoff claims his PCR counsel was ineffective in failing to pursue the case, resulting in structural error.  We disagree.  Wycoff's claims were time-barred and duplicative of previously litigated claims.  The claims would have been denied even if raised by counsel.  Wycoff was not prejudiced.[3]

Iowa Code section 822.3 (2019) provides:

> All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued.  However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Wycoff was convicted in 1976.  His appeal was final in 1977.  His claims are well beyond the three-year period defined in section 822.3.

Wycoff claims his appeal is timely based on our supreme court's decision in *Allison v. State*, which held:

> [W]e think the best approach is to hold that where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d 866, 891 (Iowa 2018).[4]

---

[3] Our analysis remains the same under both the breach of duty and prejudice elements—counsel has no duty to raise a frivolous claim, and Wycoff was not prejudiced because the district court would have rejected the claims regardless of Wycoff's counsel's conduct.  *See Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018) ("Failure to raise a meritless issue does not establish counsel's performance was deficient.").

[4] Our legislature amended Iowa Code section 822.3 in 2019 to prohibit the so-called "relation back" doctrine enunciated in *Allison*.  *See* 2019 Iowa Acts ch. 140,

*Allison* does not support Wycoff's claims. First, the 'relation back' doctrine only applies to a PCR application alleging a prior PCR counsel was ineffective in presenting a claim of ineffective assistance of trial counsel. *Allison*, 914 N.W.2d at 891. Here, only one of Wycoff's claims involves ineffective assistance of PCR counsel in challenging trial counsel's assistance. Therefore, *Allison* is inapplicable to his four other claims. Additionally, *Allison* requires the applicant to "promptly" file the successive petition. *Id.* This court has previously held that a delay of 121 days was not prompt. *See Maddox v. State*, No. 19-1916, 2020 WL 5230357, at *3 (Iowa Ct. App. Sept. 2, 2020). Similarly, we have previously held that a delay of 108 days was not prompt. *See Kehoe v. State*, No. 20-1179, 2022 WL 951139, at *2 (Iowa Ct. App. Mar. 30, 2022). Wycoff's first PCR—which alleged ineffective assistance of trial counsel—was finalized in 1986. The instant PCR application was filed roughly nine months after *Allison* was decided—significantly longer than the 121-day delay in *Maddox* and 108 days in *Kehoe*. And, the holding of *Allison* limits the extension of time to a second PCR action, not a sixth application as is the case here. *See State v. Sandoval*, __ N.W.2d __, __, 2022 WL 2080953, at *2 (Iowa 2022) ("*Allison* held only that a second application for postconviction relief could relate back to a timely filed first application."). Wycoff's claims are not saved by *Allison*.

---

§ 34. That amendment became effective July 1, 2019. *See Brooks v. State*, No. 20-1652, 2022 WL 951080, at *1 (Iowa Ct. App. Mar. 30, 2022). Wycoff filed his application April 17, 2019, but such was pending on July 1, 2019. Because we reject Wycoff's *Allison* claims, we need not decide whether the amendment applies to Wycoff's application.

Wycoff's claims do not present a ground of fact or law that could not have been presented within section 822.3's three-year period. Wycoff has brought all of these claims in previous proceedings. Wycoff alleged ineffective assistance of trial counsel and appellate counsel in his first PCR action. *See Wycoff*, 382 N.W.2d at 471. He raised the same claims, as well as a claim of ineffective assistance by his counsel in the first PCR action, in his fifth PCR action. *See Wycoff*, 2010 WL 1379761, at *1. Wycoff brought claims involving the same allegations of prosecutorial misconduct on direct appeal, as well as his first and fifth PCR actions. *See Wycoff*, 255 N.W.2d at 119; *Wycoff*, 382 N.W.2d at 466-68; *Wycoff*, 2010 WL 1379761, at *1. He also brought claims challenging the validity of the supreme court's decision on his first PCR application in his fifth PCR application. *Wycoff*, 2010 WL 1379761, at *1. And he brought claims involving new witnesses that would prove his innocence in his third and fourth PCR actions. *Wycoff*, 2000 WL 701044, at *2-4; *Wycoff*, 2009 WL 1677246, at *1-2. Further, Wycoff concedes in his current application that he asserted an actual innocence claim "about 15-16 years [ago]," an apparent reference to his fourth PCR action.

The prior cases indicate the claims are not newly discovered. Moreover, section 822.8 includes that,

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original . . . application. Any ground finally adjudicated . . . may not be the basis for a subsequent application unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original . . . application.

Thus, not only are Wycoff's claims time-barred, they are prohibited by section 822.8 because (1) they were not brought with his original PCR application, and/or

(2) are duplicative of prior, finally adjudicated claims. Because Wycoff's claims would have failed regardless of whether his counsel pursued them, Wycoff's claim of ineffective assistance of counsel fails.[5]

Wycoff urges us to find counsel's conduct was structural error, thus nullifying the requirement that he demonstrate prejudice. *See Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). Our courts have recognized structural error when:

> (1) [C]ounsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) where counsel does not place the prosecution's case against meaningful adversarial testing; or (3) where surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Id.* [W]hen counsel commits a structural error, the defendant does not have to show he would have obtained a different outcome absent the counsel's structural error because such an analysis "would be a speculative inquiry into what might have occurred in an alternate universe." *Id.* (citation omitted).

---

[5] We note that Wycoff has not established counsel's conduct was due to inaction rather than an exercise of judgment. *See Lamasters*, 821 N.W.2d at 866. Attorneys "may not ethically urge grounds that are lacking in legal or factual support simply because his client urges him to do so." *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006), *superseded by statute as recognized in Hrbek v. State*, 958 N.W.2d 779, 789 (Iowa 2021). However, "neither should defense counsel be expected to criticize or diminish their own client's case; that role should be filled, if at all, by counsel for the resisting party." *Id.* Thus, given our aforementioned analysis of Wycoff's frivolous claims, Wycoff's counsel was placed in the unenviable position of balancing two somewhat incompatible ethical requirements: counsel could not file motions that he knew to be frivolous, but neither could counsel inform the district court of the claims' frivolity. The best course, given the circumstances, could be to remain silent, neither asserting nor denigrating the claims. Wycoff does not establish, beyond mere allegations, that counsel's inaction was the result of a lack of diligence rather than the result of such ethical balancing.

Wycoff contends his counsel's failure to file a resistance to the State's motion and failure to file their own motion for summary disposition amounts to structural error because Wycoff was effectively denied counsel. This case is distinguishable from the facts in *Lado*, where the supreme court found structural error. *See id.* at 253. In that case, despite the district court expressly warning Lado's counsel that the PCR application was subject to an automatic-dismissal rule, counsel never took any action to prevent or rectify the dismissal. *Id.* at 252; *see also* Iowa R. Civ. P. 1.944 (outlining dismissal for want of prosecution). As a result, the court was left without any notion of how the case would have gone had Lado's counsel pursued it. *See Lado*, 804 N.W.2d at 252-53.

However, Wycoff's case was not dismissed due to the application of a procedural rule. Instead, his claims were dismissed because Wycoff's claims were time-barred and duplicative of previous PCR actions. The court was required to apply the same standard to the State's motion for summary disposition regardless of Wycoff's counsel's actions or inactions. *See* Iowa Code § 822.6(3) (defining the standard for summary disposition). Therefore, we are not left to speculate over what may have happened had Wycoff's counsel filed a resistance—Wycoff's claims were barred under sections 822.3 and 822.8. These circumstances do not warrant a presumption of prejudice.

**AFFIRMED.**